## ROSS E. THOMAS & SONS v. AXTELL.

No. 12638—Opinion Filed Jan. 15, 1924.

Rehearing Denied Feb. 19, 1924.

**1. Appeal and Error—Conclusiveness of Verdict.**

If in the submission of a cause to a jury there is any testimony that reasonably tends to support the verdict of the jury, judgment will not be reversed on appeal.

**2. Same—Modification of Judgment.**

Record examined; held, to be sufficient to support the verdict of the jury to the extent of $103, and the judgment is modified to this extent and affirmed.

**3. Same.**

The foregoing rule is applied, as the verdict in excess of $103 is void of any support by the record.

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by S. C. Axtell against Ross E. Thomas & Sons, for recovery of alleged commission for the sale of real estate. Judgment for plaintiff. Defendant brings error. Modified and affirmed.

Wilson, Tomerlin & Threlkeld and S. C. Chandler, Jr., for plaintiff in error.

J. L. Francis, for defendant in error.

Opinion by STEPHENSON, C. It appears that both parties to this action had been engaged in the sale and handling of real estate on commission. S. C. Axtell alleges a customer came to his office for the purpose of purchasing a home. The plaintiff did not have suitable property and he took the proposed purchaser to the office of the defendant with the view of making an arrangement to sell the proposed purchaser a piece of property through the defendant. In this relation an answer of the plaintiff is in part as follows:

"We went finally to Mr. Thomas and introduced myself and told him that I had a customer, a cash customer that wanted to buy a good home, limit $15,000, and asked him if he had any. He said he had plenty of them on the list. 'Well now,' I says, 'Mr. Thomas, suppose we should make a deal, what would be my part of the compensation?'

" 'One half,' he says. I says, 'that is satisfactory to me and I will bring the man over,' and I did so right soon. I think right that morning. That is my recollection, and Mr. Thomas took us out and showed us around. We returned to the office, he had not found what he wanted yet, and made arrangements though to come back, and did go back, I think that afternoon is my recollection, at any rate we went back and when we went in Mr. Thomas says, 'This young man will show you,' 'that young man sitting there, he will show you around.' I said all right. I introduced Mr. Laird to him, and he went out, and we went out several times, I don't know how many times; I went with them, but two that I know of, but they went out several times."

Mr. Schenk is the salesman to whom Mr. Thomas referred and who took Laird out and finally sold him a piece of property for which the defendant received a total commission of $412. It appears that Schenk was a salesman in the office of the defendant and received 50 per cent. of all commissions for sales that he made. In this cause the plaintiff contended for the recovery of $200 as his one-half of the commission on the sale. If the sale had been made by Mr. Thomas and the plaintiff, then, on the testimony of Axtell, he would have been entitled to receive as his compensation one-half the commission, but the plaintiff is evidently familiar with the practice of the defendant and other real estate men to make many of their sales through salesmen in their office who are allowed as their only compensation a certain percentage of the commission. In this case it appears that Schenk was allowed 50 per cent. of the commission and it is likely that this is the ordinary and usual commission for such services, which was probably within the knowledge of the plaintiff. When Mr. Thomas turned Laird over to Mr. Schenk to handle the sale, the plaintiff must have further known that in no event would the commission of the defendant be greater than one half of the usual commission. So in consenting or acquiescing to his customer being placed in the hands of Mr. Schenk, he will be held to have consented or agreed that his contract would only relate to one-half the commission received by the defendant. Therefore, of the $412 commission, according to plaintiff's evidence and the contract, he would be entitled to recover only $103. The defendant contended that he understood the contract to be that the plaintiff must show and sell the property listed with the defendant to the purchaser in order to be entitled to one-half of the commission, and that the contract between the parties did not contemplate the plaintiff receiving a commission if the property were sold through a salesman of the defendant. The testimony of the parties in this regard presents an issue of fact for submission to the jury. The defendant testified, in part, as follows:

"Q. Mr. Thomas, what is it reasonably worth when a person brings a proposed purchaser of property to a real estate office and does not himself sell the proposed purchaser, but a sale is afterwards made by the real estate agent through his own efforts? What would be the reasonable portion of the commission, say a commission of $412, he should receive for that service individually? A. I think 10 or 15 per cent."

In a trial of this cause judgment went for plaintiff for $133. The defendant has appealed the cause to this court and complains particularly in the giving of a certain instruction to the jury. Evidently on the answer of the defendant as to what a reasonable commission would be, the court instructed on the theory that the plaintiff might recover a reasonable commission if it found that no express contract had

been made between the parties. The court also instructed on the amount of recovery in the event the issue should be found in favor of the plaintiff to the effect that a contract was made by the parties in relation to this matter. The particular part of the court's instruction which the defendant takes exception to is in the following language:

"The defendant, however, has expressed a willingness to pay the plaintiff a reasonable compensation for any services which he may have performed in connection with this sale, and unless you should find from the evidence that there was an express contract, that the plaintiff should receive one-half of the commission, in any event you will determine from the evidence what would be a reasonable compensation for the services, if any."

We suppose the answer of the defendant resulted in the court's assuming the willingness of the defendant to pay a reasonable compensation, if a contract did not exist between the parties.

We think the instructions, as a whole, fairly submitted the questions involved in this cause to the jury. The evidence supports the verdict of the jury to the extent of $103. However, the evidence and the contract, as the plaintiff must have understood it, in view of his being familiar with the plan of making sales as handled by the defendant, the contract claimed by him and his evidence, will not support the judgment in excess of $103, and the verdict in excess of this amount is void of support by the record. To this extent the judgment is modified, and as modified, it is recommended that this cause be affirmed.

By the Court: It is so ordered.