Wesley JONES, Plaintiff in Error,

v.

T. F. MAJOR and S. L. Erwin, Defendants in Error.

No. 37576.

Supreme Court of Oklahoma.

Sept. 17, 1957.

Rehearing Denied Oct. 29, 1957.

Action to recover broker's commission on sale of real estate. Plaintiffs recovered judgment and defendant appeals. Reversed and remanded with directions.

A. H. Huggins, Norman, for plaintiff in error.

Bailey & Whitlock, Norman, for defendants in error.

CORN, Vice Chief Justice.

Plaintiff brought this action to recover money ($800) alleged to be due and owing to plaintiffs as one-half of the amount of a real estate commission collected by defendant from the sale of land.

The petition in substance alleged plaintiffs were real estate brokers in Chickasha, Oklahoma, and that defendant was a real estate broker located in Norman, Oklahoma. In April, 1954, plaintiff, T. F. Major, entered an oral agreement with defendant whereby he would bring prospective buyers to the Norman area, and in company with defendant would show such prospects various parcels of land listed for sale; the agreement was that any commission received from consummated sales were to be divided equally. Pursuant to such agreement plaintiff brought a prospective farm buyer to look over various properties listed by defendant for sale, and this buyer was shown several farms, including the Brown farm. In June, 1954 the prospective buyer purchased this farm and defendant received $1,600 commission on the transaction, but failed and refused to pay plaintiff any part thereof.

Defendant answered by general denial, other than for specific admission that; defendant was a real estate saleman, had talked with Major in April, 1954 and had agreed if he would bring prospective buyers to Norman and accompany defendant in showing properties defendant would divide any commission received; on April 8, 1954 plaintiff brought a prospect (Walker) who was shown several properties, none of which were suitable, but the Brown farm was not shown to Walker. Defendant requested plaintiff to bring Walker, or any buyer, to Norman but plaintiff failed and refused to comply and completely abandoned the agreement. Defendant specifically denied plaintiffs showed the property purchased, had anything to do with the sale thereof, or furnished the prospective purchaser of the property. The issues raised by these pleadings were tried to a jury.

The evidence presented by the parties in support of their respective positions was conflicting. The nature of the questions urged as grounds for reversal of the judgment do not require an extended narrative of the testimony. The plaintiff, Major, the active participant in the transaction, testified that he knew Walker desired to purchase a farm and so brought the buyer to Norman and the parties showed him several farms; on the return trip to Chickasha Walker was shown the Brown farm, but thought the price too high. Plaintiff later telephoned defendant and advised him of this fact, and asked that he be notified if the price was reduced. Plaintiff heard nothing further of the matter until he learned Walker had purchased the farm through defendant and another broker who had received part of the commission. The plaintiff was corroborated in certain respects by the buyer, Walker, who was shown the farm by plaintiff, but who

bought through defendant and another (Moran) after Brown reduced the price.

Defendant's testimony admitted the oral agreement with plaintiff, but was in direct opposition to plaintiff's evidence upon most of the other facts surrounding the transaction. Defendant admitted discussing the Brown farm and the price with plaintiff, who testified to calling defendant and telling him Walker would buy if the price was lowered, and asked that defendant notify him if this occurred; defendant wrote plaintiff asking that the buyer be brought back but received no answer; thereafter had a telephone conversation wherein plaintiff promised to see Walker, but did not hear anything more; the transaction was completed later through Moran, to whom defendant paid a third of the commission.

Consideration of the case under the trial court's instructions, the giving of one of which is asserted to constitute reversible error, resulted in a verdict for plaintiff. Defendant's motion for judgment notwithstanding the verdict was overruled and the judgment appealed from was entered upon the jury verdict.

■■ The various assignments of error urged as grounds for reversal of this judgment are presented by a general argument which, for the sake of clarity, we shall subdivide for consideration. Certain of the assigned error are directed at the sufficiency of the evidence to withstand defendant's demurrer thereto, and to the sufficiency of the evidence to support the verdict of the jury. The conflicting nature of the evidence relative to the handling and culmination of the transaction following the parties' oral agreement, existence of which the defendant admitted, was pointed out above. The verdict rendered by the jury resolved each and every matter presented by the conflicting testimony in the plaintiffs' favor. The judgment which resulted from the jury's finding in this case clearly falls within the rule that a verdict based upon conflicting evidence will not be disturbed on appeal.

The second portion of the argument is derived from assignments of error directed at the amount of recovery allowed, and at the giving of an instruction. The complaint as to the amount of recovery is based upon defendant's testimony that, as a real estate salesman for his father, he was entitled to 50 percent of commissions earned as a salesman. On this basis defendant says the court erred in instructing the jury if they found for plaintiff the verdict should be for half the commission ($800). Defendant seeks to support such argument by reference to the rule that a court must instruct upon all the issues in a case, and failure to do so constitutes reversible error. As further support for such argument defendant relies upon the holding in Thomas & Sons v. Axtell, 97 Okl. 228, 223 P. 152. Examination of this case reflects the inapplicability of that decision to this appeal.

■ In the instruction of which defendant complains the trial court outlined the issues in the general instructions and thereafter, in substance, advised the jury that if the evidence showed an oral agreement between the parties that if plaintiff brought a prospective buyer to defendant, then defendant would divide equally the commission received from any sales made to such prospective purchaser, the verdict should be for plaintiffs. This instruction further advised the jury fully as to the defenses relied upon by defendant. Such instruction fully and fairly outlined the issues presented by the pleadings and the evidence of each of the parties. The argument, and the authorities cited to the effect that failure to instruct upon fundamental issues is reversible error overlooks two important features.

First, the parties were competent to contract upon any basis desired as respected their individual arrangements. The principal issue was whether an agreement had been entered into and, if so, whether such agreement had been abandoned. If such agreement existed and a sale had been consummated within the terms thereof,

then plaintiff was entitled to one-half the commission received.

■ Second, there was no issue made, nor evidence offered as to defendant's authority to make the oral agreement, or as to any custom governing the division of sales commissions between real estate brokers. Neither was there evidence concerning any agreement by plaintiff to take less than one-half, regardless of what defendant paid some other broker, or what amount defendant himself expected to receive under his salary arrangement with his father's firm. An instruction which injected these matters for the jury's consideration would have been outside the issues and objectionable. The instruction given was proper under the pleadings and evidence herein.

The final question presented is predicated upon the provisions of a pertinent statute, which defendant contends is decisive of the appeal. The petition alleged plaintiffs were real estate brokers in Chickasha, Oklahoma. At the trial plaintiff testified he had been in the real estate business for approximately 47 years.

As a part of our so-called Real Estate License Act (59 O.S.1951 § 831 et seq., sections 854 and 855 (as amended Laws 1953, p. 277, Sec. 10), and Sec. 856 provide:

"No licensee under this Act shall pay any part of a fee, commission or other compensation received by such license in buying, selling, exchanging, leasing or renting of any real estate, unless such a person is a licensed real estate salesman, or licensed real estate broker."

"No person, copartnership, corporation, or association engaged within this State in the business or acting in the capacity of a real estate broker or real estate saleman shall bring or maintain an action in any court in this State for the recovery of compensation for services rendered in buying, selling, exchanging, leasing or renting of any real estate without alleging and

proving that such person, copartnership, corporation or association was a licensed real estate broker or salesman at the time when the alleged cause of action arose."

"Any person or corporation violating any provisions of this Act, shall be guilty of a misdemeanor, and, if a person, be punished by a fine of not more than Five Hundred Dollars ($500.00), or by imprisonment, in the County Jail, for not exceeding six (6) months, or by both such fine and imprisonment in the discretion of the Court, and if a corporation, shall be punished by a fine of not more than One Thousand Dollars ($1,000.00)."

It is contended by defendant the foregoing is a mandatory provision, that plaintiff failed to comply therewith by pleading and proving that he was a licensed real estate broker so that the trial court committed reversible error in overruling the demurrer to evidence and, as in the case of the Intangible Tax Act (68 O.S.1951 §§ 1501–1515) the question as to failure to make the statutory compliance may be raised in this court for the first time.

■ The argument is that the language of the Act is clear and unequivocal and was so recognized in National Security Corp. v. Kneeland, Okl., 294 P.2d 310. Our attention is directed to cases from other jurisdictions, as well as to the cases annotated in 169 A.L.R. 767 et seq., indicating the general rule to be as contended for by defendant. Assuming the statutory requirements may be considered mandatory, compliance therewith was a question of law to be determined by the trial court as a prerequisite to jurisdiction. The record does not affirmatively disclose consideration and disposition of the question. Since the question is jurisdictional, it appears the judgment rendered upon the jury's verdict was erroneous.

■ The principle question involved the trial court's jurisdiction to render this judgment. The judgment therefore is vacated

and the cause is remanded to the trial court with directions to hear and determine the jurisdictional question upon proper notice to the parties. If upon hearing the plaintiffs show compliance with sections 854, 855 and 856, supra, judgment shall be rendered for plaintiffs. Upon failure to establish such right of action under the statute the judgment shall stand reversed, with directions to the trial court to sustain defendant's demurrer to the evidence. The costs of the appeal are charged to plaintiffs for failure to make proof essential to jurisdiction.

HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., and DAVISON and JOHNSON, JJ., concur in result.

WILLIAMS, J., dissents.