BROWN INVESTMENT COMPANY, Inc.,
Plaintiff in Error,

v.

Jay R. HICKOX and James H. Milligan,
co-partners, d/b/a Storybook Homes,
Defendants in Error.

No. 39538.

Supreme Court of Oklahoma.

March 13, 1962.

Smith, Leaming & Swan, Oklahoma City, for plaintiff in error.

Halley, Halley & Spradling, Oklahoma City, for defendants in error.

HALLEY, Justice.

The Brown Investment Company, Inc., brought this action to recover $2,750.00, which it claimed was due as a commission for selling a house and lot in Cashion's Wildwood Addition of Oklahoma City which was owned by the defendants. Mrs. Mamie E. Brown was the broker who was the Vice-President of the Brown Investment Company. She was the person who first showed the place to Ann Hagerman Smith who ultimately became the owner of the property shown by Mrs. Brown. The house was first shown Mrs. Smith in August and title was placed in her in November. Soon after this was done the plaintiff brought this action to recover the commission.

It is not necessary to go into the question of whether Mrs. Brown was the one who procured Mrs. Smith as a purchaser as we are confronted with the question of whether the plaintiff Brown Investment Company could maintain this action. Its petition alleged it was a corporation authorized and existing under the laws of the State of Oklahoma and engaged in the business of real estate broker and in buying and selling real estate on commission.

At the trial of the case the plaintiff failed to prove that it had complied with Section 855 of 59 O.S.1961, which reads as follows:

"No person, corporation, or association engaged within this State in the business or acting in the capacity of a real estate broker or real estate salesman shall bring or maintain an action in any court in this State for the recovery of compensation for services rendered in the listing, buying, selling, exchanging, leasing or renting of any real estate without alleging and proving that such person, corporation, or association was a licensed real estate broker or salesman at the time when the alleged cause of action arose. Laws 1949, p. 411, § 25; Laws 1953, p. 277, § 10."

In its brief the plaintiff admits that it did not plead or prove compliance with the statute, stating that its failure was because of an oversight. In its brief it is said that "Plaintiff was, in fact, a licensed broker and had fully complied with the act *as evidenced by the following certification of the Oklahoma Real Estate Commission.*" (Emphasis supplied.) The certificate which was incorporated in the brief is a certificate by the Oklahoma Real Estate Commission that *Mrs. Mamie Brown* was originally licensed as a saleslady on January 1, 1950, with the Brown Investment Company, and on December 30, 1954, was issued a broker's license. The certificate from the Commission was dated October 23, 1961.

A license held by Mrs. Mamie Brown is not evidence that a license was held by plaintiff, Brown Investment Company, Inc.

Rule 7 of the Rules of this Court, 12 O.S.A. c. 15 Appendix provides as follows:

"*All* motions, petitions, applications or *suggestions shall contain a brief statement of facts* and of the objects thereof, and except in cases where all the facts relied upon are of record in this Court, *shall be supported by affidavit.*" (Emphasis supplied.)

Since plaintiff does not make it appear that Brown Investment Company, Inc., has, or had, a license, and there is no suggestion under affidavit that it did so have, we are not provided with any reason or justification for referring this issue to the trial court as was done in Jones v. Major, Okl., 317 P.2d 190. We are of the opinion that a license issued to an employee or officer of a corporation does not authorize the maintenance of an action by an unlicensed corporate plaintiff.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.