Tom POINTER, Jr., doing business as Tom Pointer Company, Plaintiff in Error,

v.

Helen R. SYMONDS, Charles A. Symonds, and Muriel P. Rember, Defendants in Error.

No. 39593.

Supreme Court of Oklahoma.

May 23, 1962.

Rehearing Denied June 26, 1962.

O. B. Martin, Oklahoma City, for plaintiff in error.

Smith, Leaming & Swan, Oklahoma City, for defendants in error.

JACKSON, Justice.

In the trial court, plaintiff Tom Pointer, Jr., doing business as Tom Pointer Company, sued defendants Helen R. Symonds, Charles A. Symonds and Muriel P. Rember, to recover a real estate broker's fee allegedly earned in the negotiation of a long term lease on some property in downtown Oklahoma City.

At the conclusion of plaintiff's evidence, defendants' demurrers to the evidence were sustained and the cause dismissed, and plaintiff appeals. The sole proposition argued is that the court erred in sustaining the demurrers to the evidence.

A petition and two amended petitions were filed by plaintiff in instituting this action. Numerical paragraph 1 of all three of these instruments began as follows: "Plaintiff is a sole trader doing business as Tom Pointer Company, * * *". The prayer of all three instruments asks for a recovery on behalf of Tom Pointer, Jr., individually. The only reference to partners or a partnership in the petition is the following: "Many conferences, the exact dates of which the plaintiff cannot at this time fix, were held between him and his father, Tom Pointer, Sr., a former partner of plaintiff, and Mr. Symonds, on behalf of the lessors * * *".

██ Viewed in the light most favorable to plaintiff, the evidence in this case shows that an oral listing (if there was a listing) of the property concerned was made with a partnership composed of Tom Point-er Jr. and Tom Pointer Sr. in September, 1953. It is conceded that no new listing was made after Tom Pointer Sr., left the partnership, and there is no evidence of any conduct on the part of defendants which could be said to amount to a new or implied contract with Tom Pointer Jr. There was some evidence of conferences between the parties on undetermined dates, but there was an utter failure to prove that any of them took place after October 1, 1955, the date when Tom Pointer Sr. left the partnership. The lease concerned was not executed until May, 1956.

Under these facts, we hold that plaintiff failed to prove any right to recover in himself individually, and to that extent he failed to prove a cause of action. The trial court therefore did not err in sustaining the demurrers to the evidence. Bell v. Radabaugh, 178 Okl. 106, 62 P.2d 79.

██ In his brief on appeal, plaintiff takes the position that he was suing as a trustee, on behalf of himself and his father (as partners), and that under certain provisions of the Uniform Partnership Act (54 O.S.1961 § 201 et seq.) he had a right to maintain this action in such capacity. However, his pleadings do not sustain this argument. We have previously noted that the petition identified plaintiff as a "sole trader doing business as Tom Pointer Company". Nowhere in the petition is there any reference to any representative capacity of plaintiff, and nowhere is there any allegation that defendants contracted with a. partnership, or that a partnership earned the fee sued for. It is well settled that "where one sues * * * in a representative capacity, it must be averred that it is in such representative capacity * * *". Gilles v. E. M. Page Estate et al., 154 Okl. 230, 7 P.2d 490.

The evidence in this case showed that Tom Pointer Jr. had a real estate broker's license at all times pertinent to this action, but there was no evidence that either Tom Pointer Sr. or the partnership composed of father and son had such a license, as required by the Real Estate License Act, 59

O.S.1961 § 831 et seq. Defendants suggest in the answer brief that plaintiff was afraid to amend his petition herein to show unequivocally that he was suing on behalf of the partnership, because if he did, it would then be necessary for him to prove that Tom Pointer Sr. had a license, pursuant to the provisions of 59 O.S.1961 § 855. This section of the statute originally provided that "No person, co-partnership, corporation, or association" shall maintain an action to collect a real estate broker's or salesman's fee without first proving that he or it had a license as required in the Act. The word "co-partnership" was deleted in a 1953 amendment. We held in Jones v. Major, Okl., 317 P.2d 190, that such requirement is jurisdictional, and because it appeared that the failure of proof in this regard was an oversight, remanded the cause to the trial court for determination of the jurisdictional question. In Brown Investment Co. v. Hickox, Okl., 369 P.2d 807, we refused to remand a similar case because it was not made to appear in the briefs, or by affidavit, that the plaintiff actually had a license.

In reply plaintiff does not allege that Tom Pointer Sr. actually had a license, and does not allege that the failure to so prove was an oversight. He merely argues that this action was brought by Tom Pointer Jr. as the "surviving" member of the Tom Pointer partnership, and that since Tom Pointer Sr. is not a party plaintiff, it was not necessary to prove that he had a license.

It appears to us that there is merit in defendant's argument that even under the theory that suit was brought by plaintiff in a representative capacity, it was necessary to prove that Tom Pointer Sr. had a license, and plaintiff's answer to this argument is not supported by any citation of authority. It would seem that Tom Pointer Sr. should not be permitted to do indirectly what the statute prevents him from doing directly—that is, receive the benefit of a suit brought for him by his son in a representative capacity, when he himself could not have brought the suit without proving that he had a real estate broker's license.

However, we find it unnecessary to decide this question, and we do not so decide, because, as we have seen, under the pleadings in this case plaintiff was plainly suing as an individual and not in any representative capacity. While evidence was permitted to be introduced concerning the partnership without objection, there was no motion to amend the petition to conform to the evidence and the trial court did not treat it as amended. Most of the cross-examination of plaintiff Tom Pointer Jr. was very obviously for the purpose of demonstrating that nothing was done toward earning the fee involved after Tom Pointer Sr. dissolved that partnership when he left the Tom Pointer Company.

From a careful consideration of the entire record before us, we are convinced that this cause was tried in the court below and judgment rendered upon the theory that it was brought by Tom Pointer Jr. as an individual.

The judgment of the trial court is affirmed.

Rehearing Denied June 26, 1962.