A. A. RATCLIFF, Plaintiff in Error,

v.

Glenn COBB, Defendant in Error.

No. 41729.

Supreme Court of Oklahoma.

March 19, 1968.

James O. Braly, Durant, for plaintiff in error.

John Allen Phillips, II, Phillips & Moore, Durant, for defendant in error.

DAVISON, Justice.

The parties occupy the same relative positions in this court that they occupied in the lower court and will be referred to by their trial court designation as plaintiff and defendant.

Plaintiff filed suit to recover from defendant the sum of $525 representing one-half of a $1050 real estate commission the defendant had acquired as a result of selling a tract of real estate. Plaintiff's petition alleged that the parties were long-standing friends and that defendant was a licensed real estate broker and was engaged in that business; that plaintiff and defendant jointly and orally agreed that, if and when plaintiff knew of a person interested in buying real estate in Bryan County, Oklahoma, and if and when plaintiff brought such person and defendant together and, as a result, defendant completed a "deal" the defendant would "split" his commission with plaintiff: that plaintiff was not engaged in the business of real estate broker, and did not act in the capacity of real estate broker; that plaintiff knew of a tract of land that had been listed for sale with defendant and knew of a person interested in buying real estate and brought this person and defendant together and as a result defendant sold the land to the person and defendant made a commission of $1050; that plaintiff did not sell, lease, or rent the property and did not have it listed; and that defendant breached the agreement and failed to pay plaintiff the $525 due him.

Defendant filed a general demurrer on the ground the petition failed to state a cause of action, and a special demurrer for the reason it failed to comply with 59 O.S. 1961, § 855, requiring a person to allege and

prove he was a licensed real estate broker or salesman as a requisite to bringing and maintaining an action for recovery of compensation for services rendered in the (among other things) buying or selling of any real estate.

The lower court sustained the demurrer and plaintiff has perfected an appeal to this court.

Plaintiff contends that the Real Estate License Act, 59 O.S.1961, §§ 831–857, was not intended to permit one party to profit at the expense of another.

Plaintiff argues that he and the defendant "made a man-to-man agreement" and plaintiff had kept his part of the bargain and the Act, supra, should not be construed to permit defendant to escape from fulfilling his part of the agreement; that admittedly plaintiff was not a licensed broker or salesman, but that the acts or services of plaintiff did not make him a broker or salesman and he was not subject to the Act; and that he was "a member of the public" for whose protection the Act was passed.

The merit of this argument depends upon the applicable provisions of 59 O.S.1961, § 831 et seq. Section 831 provides in part that it is unlawful for persons to engage in or carry on or act in the capacity of a real estate broker or salesman without first obtaining a license; Section 832 provides in part that the term "real estate broker" within the meaning of the Act, shall include all persons, "who for a fee, commission, or other valuable consideration, *or who with the intention or expectation* of receiving or collecting the same." sells any real estate, *"or who negotiates or attempts to negotiate any such activity*; * * *."; Sec. 833 provides that "real estate salesman" shall mean and include "any person employed or *engaged by or on behalf of* a real estate broker to do or to deal in any act, acts, or transactions set out, or comprehended by the definition" of a real estate broker *"for compensation or otherwise."*; and Sec. 838 excepts from the Act certain classes of persons, but plaintiff does not fall within any of them.

Section 850 sets forth the grounds for the suspension or revocation of the license of a broker or salesman, and lists as ground under (g) "Paying a commission or valuable consideration to any person for acts or services performed in violation of this Act," and under (n) Paying a commission, or compensation to any person for performing the services of a broker or salesman who has not first secured his license; Sec. 854 prohibits a licensee from paying (splitting) any part of his commission to unlicensed persons; and Sec. 856 provides a penalty for violation of the Act.

Section 855 is as follows:

"No person, corporation, or association engaged within this State in the business or acting in the capacity of a real estate broker or real estate salesman shall bring or maintain an action in any court in this State for the recovery of compensation for services rendered in the listing, buying, selling, exchanging, leasing or renting of any real estate without alleging and proving that such person, corporation, or association was a licensed real estate broker or salesman at the time when the alleged cause of action arose."

The statutory provisions furnish a full and comprehensive descriptive statement of the acts and activities embraced in the business of brokers and salesmen engaged in selling real estate for other persons for a fee or commission. It is obvious that one purpose of the Act was to regulate such business and the parties engaged therein for the protection of those members of the public who wished to buy real estate or owned property they wanted to sell. The allegations of plaintiff's petition reflect *he* was not a buyer and that he was not negotiating the sale of *his* property. Plaintiff's status relative to the defendant broker and the described public must be determined from the statutory provisions.

It is our opinion that the allegations of plaintiff's petition, supra, express an agreement with the defendant broker and a performance by plaintiff pursuant to the agree-

ment whereby plaintiff, in consideration of a fee or with the intention or expectation of receiving a fee, performed the acts of negotiating or attempting to negotiate the sale of the land (Sec. 832), and alleges plaintiff was engaged by or with the defendant to perform such acts for a consideration (Sec. 833) in the form of a portion of the commission. In this situation we can only conclude that the alleged facts required the plaintiff to first secure a license as a broker or salesman (Sec. 831).

Plaintiff relies on our decision in Bell v. United Farm Agency, Inc., Okl., 296 P.2d 149. In that case a non-resident licensed broker, who was not licensed in Oklahoma, referred an out of state purchaser to an Oklahoma licensed broker under an agreement to divide the commission the local broker received from the sale of Oklahoma land. In the later action by the non-resident broker to collect his share of the commission the lower court sustained the local broker's motion for judgment on the pleadings. On appeal we reversed and in the syllabus by this court stated the law applicable to the situation was that the Real Estate License Act, supra, requiring real estate brokers to be licensed as a prerequisite to claiming compensation for services was intended to protect landowners from fictitious claims, and not to protect resident brokers in their effort to avoid payment of the claim of a *non-resident broker*, who was unlicensed in Oklahoma. We based this conclusion on our construction of the Act and § 852 thereof (which deals with licensing of non-residents) before it was amended in 1953 to provide a non-resident broker duly licensed in the State of his residence may become associated with a licensed real estate broker in Oklahoma. We held the amendment was intended only to clarify the original legislative intent.

The facts in the cited case are not like those in the instant case and the conclusion of law therein is not applicable. The present plaintiff is not a non-resident and he is not licensed any place. A holding that the present unlicensed plaintiff was entitled to recover would render the licensing provisions of the above statutes completely ineffective.

We now come to the proposition of the force and effect of 59 O.S.1961, § 855, supra, requiring allegations and proof that a person is a licensed real estate broker or salesman as a requisite of bringing and maintaining an action to recover compensation for services rendered in the selling of real estate.

In Jones v. Major, Okl., 317 P.2d 190, the plaintiff sued to recover a portion of a real estate commission alleging he was a real estate broker and the defendant was a real estate broker, and that they had an agreement to divide the commission equally. The plaintiff recovered a judgment, but had failed to allege and prove he was a licensed real estate broker at the time the cause of action arose. Defendant appealed and contended the failure to comply with the provisions of § 855 required a reversal of the judgment. We held the requirements of the statute were jurisdictional and reversed the judgment with directions to the trial court to hear and determine the jurisdictional question. Therein we stated:

"In an action to recover a real estate commission it is error for a trial court to render judgment unless the plaintiff has alleged and proved he was a licensed real estate broker, or salesman at the time the alleged cause of action arose."

In Pointer v. Symonds, Okl., 372 P.2d 868, 870, we approved the holding in Jones v. Major, supra, that the requirements of § 855 were jurisdictional.

And in Brown Investment Company v. Hickox, Okl., 369 P.2d 807, we held that in an action by a corporate plaintiff to recover a real estate commission, it was not error to sustain a demurrer to plaintiff's evidence where compliance with § 855 had not been shown.

See Loftis v. LaSalle, Okl., 434 P.2d 221, for our latest statement that such proof is jurisdictional.

In the present case the plaintiff sues to recover a portion of a real estate commission for his services in connection with a real estate sale. He does not allege he was a licensed real estate broker or salesman and, in fact, alleges he was not a real estate broker.

The lower court did not err in sustaining the defendant's demurrer to the plaintiff's petition.

Affirmed.

All the justices concur.