**In the Matter of Lisa Kay VILAS, Dependent and Neglected Child.**

**No. 44235.**

Supreme Court of Oklahoma.

Oct. 13, 1970.

Bassman, Gordon, Mayberry & Scarth, by Bill R. Scarth, Claremore, for petitioners in error.

Thomas H. Williams, Pryor, for defendants in error.

DAVISON, Justice.

This is an appeal by the mother (Cheryl Cloud) and the maternal grandparents

**616**

(Kenneth H. Smith and Lucille Smith) of Lisa Kay Vilas (age 2 years), from an order of the District Court of Mayes County, Oklahoma, finding and adjudging said child to be a dependent and neglected child within the purview of the Delinquent, Dependent and Neglected Children Act, 10 O.S.Supp. 1968, § 1101 et seq., and making her a ward of the court.

This proceeding was instituted by petition filed in the District Court of Mayes County by Kenneth M. Crisp, on March 26, 1970, and later amended, charging that the child Lisa had not had the proper parental care due to depraved acts of the mother, Cheryl Cloud, and also the abandonment of Lisa by her mother. It appears that the petition and the court's order were based on that part of Subd. (d) of said § 1101, defining a "dependent or neglected child" as one who has not the proper parental care, or whose home, by reason of neglect, or depravity on the part of a parent, is an unfit place for such child. The order and its conclusions were limited only to an adjudication of the status of Lisa as a dependent and neglected child as provided in Subd. (f) of § 1101. However, a considerable amount of the evidence was related to a "dispositional hearing" (Subd. (g) of § 1101), regarding disposition to be made of Lisa, in the event she was made a ward of the court. It appears that the trial court alowed introduction of this latter evidence for a full disclosure of the relationship of the persons involved, and because of the announced intention of Mr. Crisp and his wife to seek to adopt Lisa.

The appealing parties contend that the order is contrary to the weight of the evidence.

Extensive testimony was heard at the several hearings and a number of reports by public agencies were submitted to the trial court. Cheryl Cloud is the daughter of Kenneth H. Smith and Lucille Smith and she and her parents are residents of Claremore in Rogers County, Oklahoma. Cheryl was formerly married to a man by the name of Cloud and has a young daughter (Sherry) from that marriage. She

divorced Cloud and later married Bob Vilas and the child Lisa Kay was born May 8, 1968. About five weeks later Cheryl divorced Vilas and resumed the name of Cheryl Cloud. There is no question and it is admitted that Cheryl had experienced emotional problems as a result of her several "bad marriages," and had received psychiatric help. Immediately after the divorce, Cheryl placed Sherry and Lisa with her parents at which time her mother (Mrs. Smith) was not well. As hereinafter more fully disclosed, the Smith family and the Crisp family were friends, and the Crisps offered to take care of the infant Lisa. Consequently, the Crisps took care of Lisa in their home in Pryor, in Mayes County, Oklahoma, on several occasions in June and July of 1968, and eventually kept her continuously for about 18 months to January, 1970.

In the meantime the mother, Cheryl, had apparently kept her other daughter (Sherry) and had worked at several jobs, but had not been able to earn enough to enable her to take and care for both daughters. In January, 1970, Cheryl began receiving public assistance and took custody of Lisa from the Crisps with the idea that she could permanently maintain a home for herself and her two daughters. This situation continued for about nine weeks, when Cheryl called the Crisps and asked them to again care for Lisa. The Crisps did so, and then filed this proceeding (March 26, 1970), when the maternal grandparents (Smiths), with Cheryl's approval and consent, asked the Crisps to release custody of Lisa to them.

This brief recitation of events does not furnish a full understanding of the circumstances surrounding the Crisps' possession of Lisa. The Crisps and the Smiths had been very close friends for more than twenty years. Mr. Crisp and Mr. Smith were both Baptist ministers, with Mr. Crisp the pastor of a church in Pryor, Oklahoma, and Mr. Smith pastor of a church in Claremore, Oklahoma. Each had helped the other in revival work in California and other locations. They and their families visited in

each other's homes. We conclude from the testimony that the respective parents exchanged family information of a most confidential nature, and that Mr. Crisp was fully informed of Cheryl's troubles and of Mrs. Smith's illness. It was at the Crisps' suggestion that Lisa was placed in their charge, and in the language of Mr. Smith, " * * * we thought no more of leaving that child there than I would have thought of leaving her at my own brother's house." The Smiths saw and visited with the Crisps and Lisa about once a week and Cheryl visited with Lisa an average of once a month.

Both Mr. Smith and Mr. Crisp have incomes from sources other than their church income, and the Crisps refused Mr. Smith's offer to pay them for taking care of Lisa. It is apparent from the testimony of Mr. and Mrs. Smith that the understanding had with the Crisps was that they would care for Lisa until such time as circumstances permitted her to be taken back. This is supported by our interpretation of Mrs. Crisp's testimony that the care of Lisa was a day to day situation up to January, 1970, when Cheryl had Lisa for a short time. Admittedly, Cheryl's statements, at the time she last relinquished Lisa to the Crisps, indicated a permanent parting, but she did this without consulting with her parents and probably under emotional strain.

The evidence is positive that Cheryl, during the times she had custody, properly cared for Lisa, or saw that Lisa was cared for by responsible persons. The independent reports relative to the character of the families and homes of Smith and Crisp are affirmative as being favorable and suitable places in which a child could live and be properly cared for. The independent report regarding the home apartment in which Cheryl and her other daughter reside was likewise favorable, except for Cheryl's emotional stress, but also Cheryl was becoming more mature as the months passed. A doctor's report found Mrs. Smith to be in good health and "quite capable of taking care of a 2 year old child."

■ From our examination of this record we conclude that the evidence clearly shows that Lisa was not a "dependent or neglected child" within the meaning of 10 O.S.Supp.1968, § 1101.

■ As respects the determination of whether a child is "neglected," the word "neglect" has been defined as the disregard of duty, owing to indifference or willfulness. In re Sweet, Okl., 317 P.2d 231, 235.

■ The "adjudicatory hearing" held by the District Court of Mayes County was preliminary to a hearing to determine what disposition should be made of Lisa in the way of custody. Clearly the welfare of the child is the predominant factor in both hearings, and we apply to the present situation the principle in the rule set forth in In re Pulliam, Okl., 369 P.2d 646, as follows: "In awarding custody of a dependent or neglected child the court or judge is to be guided by what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare."

In the present case there is no evidence that the mother Cheryl was guilty of disregard of her duty, "owing to indifference or willfulness." We are convinced that the arrangement whereby Lisa was placed with the Crisps was purely the result of the long and close personal relationship between them and the Smith family, and that it should not be construed as a renunciation of Lisa, or as evidencing a lack of interest in her welfare, on the part of either Cheryl or her parents, Mr. and Mrs. Smith.

The trial court's order is clearly against the weight of the evidence.

The trial court's order declaring Lisa Kay Vilas a dependent and neglected child is reversed with directions to deliver her to her mother Cheryl Cloud.

All Justices concur.