

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 2, 1977

Honorable Raymond W. Vowell
Commissioner
Department of Public Welfare
Austin, Texas 78701

Opinion No. H-986

Re: Extent of child abuse
reporting statute.

Dear Mr. Vowell:

You have requested our opinion concerning the scope of
Texas law regarding the reporting of child abuse.

Section 34.01 of the Family Code provides:

> Any person having cause to believe that a
> child's physical or mental health or wel-
> fare has been or may be adversely affected
> by abuse or neglect shall report in accor-
> dance with Section 34.02 of this code.

Section 34.02 provides for reporting of abuse or neglect, the
violation of compulsory school attendance laws, or absence
from home.

Your first group of questions are whether section 34.01
requires the reporting of sexual abuse and of conduct suffi-
cient for termination of parental rights under subsections
15.02(1)(D) and (E). In this connection you ask whether the
mandate of 34.01 is limited to serious injury or whether it
includes emotional injury and failure to provide adequate
food, clothing, and shelter.

Section 34.01 provides for reporting when "a child's
physical or mental health or welfare has been or may be ad-
versely affected by abuse or neglect. . . ." This standard
is not limited by any language requiring serious physical
injury; rather, section 34.01 is broadly written to encompass
any injuries which result from abuse or neglect. "Abuse"
is generally defined as "improper use" or "maltreatment."
Webster's Third New International Dictionary; City of
Cincinnati v. McIntosh, 251 N.E.2d 624 (Ct. App. Ohio 1969).

See Gulf, C. & S.F. Ry. v. Bates, 95 S.W. 738 (Tex. Civ. App. 1906, no writ). Although the term "neglect" has no fixed meaning in this context, Pima County Juvenile Action No. J-31853, 501 P.2d 395 (Ariz. Ct. App. 1972); People v. Labrenz, 104 N.E.2d 769 (Ill. 1952); State v. Munchmeyer, 197 S.E.2d 648 (W. Va. 1973), it has been generally defined as the failure to perform the duty with which a parent is charged by law and by conscience. Eaglen v. State, 231 N.E.2d 147 (Ind. 1967); In re Vilas, 475 P.2d 615 (Okla. 1970); S.K.L. v. Smith, 480 S.W.2d 119 (Mo. Ct. App. 1972). See Mitchell v. Davis, 205 S.W.2d 812 (Tex. Civ. App. -- Dallas 1947, writ ref'd).

It is clear that section 34.01 is not limited to serious physical injury; it requires the reporting of circumstances caused by abuse or neglect which may adversely affect the physical or mental health or welfare of a child. It is likewise clear that sexual abuse would adversely affect the physical or mental health or welfare of a child and is required to be reported.

Section 15.02 provides for the termination of the parent-child relationship if it is in the best interest of the child and

(1)   the parent has:

. . . .

(D)   knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or

(E)   engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; or

(F)   failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition. . . .

Section 34.05(f) provides that upon receipt of the report and recommendation "the court may direct the investigator to file a petition seeking appropriate relief under Subtitle A . . . ." In our view this reference to Subtitle A, of which section 15.02 is a part, in conjunction with the similarity of the standards provided in section 15.02(1)(D) and (E) with those of section 34.01, indicates that conduct sufficient to terminate the parent-child relationship under sections 15.02(1)(D) and (E) is required to be reported under section 34.01.

With regard to the failure to provide adequate food, clothing, and shelter for a child, section 15.02(F) is limited to failure to support "in accordance with [the parents'] ability during a period of one year. . . ." However, we do not believe the reporting requirement of section 34.01 is so limited. Subtitle A also provides for suits affecting the parent-child relationship "in which the appointment of a managing conservator or possessory conservator, access to or support of a child . . . is sought." Sec. 11.01(5). Section 11.11(a) authorizes the court to make "any temporary order for the safety and welfare of the child. . . ." Thus actions other than termination of the parent-child relationship may result from a report filed under section 34.01. Under section 12.04(3) a parent has the "duty to support the child, including providing the child with clothing, food, shelter, medical care, and education. . . ." A breach of this duty would constitute neglect which is required to be reported if the "child's physical or mental health or welfare has been or may be adversely affected" thereby. Sec. 34.01.

You have also asked whether a regulation would be valid which provides that a parent or guardian legitimately practicing his religious beliefs who thereby does not provide specified medical treatment for a child would not for that reason alone be considered a negligent parent. You have explained that under this regulation your office would not seek a termination of the parent-child relationship on this basis but would be able to petition for orders providing for necessary medical treatment. We believe that such a regulation accurately reflects the provisions of the Family Code. Section 15.02 does provide for the termination of the parent-child relationship upon this basis. However, the best interests of the child are protected by the power of the court to issue temporary orders and to provide for the proper care of the child in a suit affecting the parent-child relationship. Accordingly, in our opinion such a regulation would be valid.

Your final question is whether only a parent or guardian is required to report under section 34.01.  That section requires "any person" to make such reports and it is clear that its provisions are not limited to reports by parents and guardians; "[a]ny person having cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect shall report. . . ." (Emphasis added).  See Attorney General Opinion H-494 (1975).

### S U M M A R Y

Section 34.01 of the Family Code requires the reporting of sexual abuse, the failure to provide adequate food, clothing, and shelter, and any conduct sufficient for termination of the parent-child relationship under section 15.02(1)(D) and (E).  A regulation which would provide that terminations not be sought solely upon the basis of failure to provide medical care due to religious beliefs but that other orders for the welfare of the child may be sought upon this basis would be valid.  Section 34.01 requires any person having the information described therein to report.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml