In the Matter of DANIEL, DEBORAH AND LESLIE H., children under 18 years of age, to-wit: 11, 10 & 8 years.

No. 49830.

Supreme Court of Oklahoma.

March 6, 1979.

Charles R. Hogshead, Tulsa, for appellant.

Donald M. Bingman, Asst. Dist. Atty., Juvenile Bureau of the District Court, Tulsa, for appellee.

SIMMS, Justice:

Barbara H., natural mother of Daniel, Deborah and Leslie, brings this appeal from an order of the Juvenile Division of the Tulsa County District Court adjudicating the children dependent within the purview of the Juvenile Code and making them wards of the court. Appellant challenges the constitutionality of 10 O.S.Supp.1972, § 1101(d)[1] as void for vagueness and she contends that the evidence was insufficient to support the adjudication. We affirm the trial court.

The action was initiated by the state upon a petition filed March 15, 1976, which alleged that the children were residing at the Turley Children's Home because their natural parents had been unable to provide "proper and necessary care" for them. Petitioner alleged that the whereabouts of the natural father, Dan H. were unknown, that he had abandoned the children for at least the preceding year and had neither supported nor visited them. Their mother, petitioner alleged, was hospitalized at Eastern State Hospital for psychological problems and during her hospitalization the children had been living with their grandmother but that she could no longer provide for their care. It was for this reason that the children were residing at Turley Children's Home and petitioner prayed the court adjudicate the children dependent and place their temporary custody with the Turley Home, as it was in their best interests.

Appellant challenged the sufficiency of the petition's allegations and the constitutionality of the statute through demurrers. All her objections were overruled by the trial court however, and hearing on the petition was held on May 18, 1976.

Appellant and the children's father appeared personally and were represented by counsel. The father stipulated to all the allegations of the petition which pertained to him. Appellant stipulated that she had been involuntarily committed on December 11, 1975, and that she had been hospitalized at Eastern State until several days prior to the adjudicatory hearing. The state called only one witness, the children's grandmother, appellant's mother, who testified that she and her husband had initiated the commitment procedure against appellant as she had suffered hallucinations and exhibited extreme reactions to her family. The grandmother stated that she had taken care of the children for some time but they were getting older and she felt unable to cope with teenagers, so she placed them in Turley Children's Home for their own good and protection, thinking that Turley "would do more good" for them than she could.

Appellant's demurrer to the evidence was overruled and the trial court found the evidence sufficient to adjudicate the children dependent and make them wards of the court. Subsequently, a disposition hearing was held and the children were placed in the temporary custody of Turley Home.

■ Appellant contends that the "proper parental care and guardianship" provision of § 1101(d) at issue here is void for vagueness. She argues that this provision[2] vio-

---

1. That section provided: "(d) The term 'dependent or neglected child' means a child who is for any reason destitute, homeless or abandoned; or who is dependent upon the public for support; or who has not the proper parental care or guardianship; or whose home, by reason of neglect, cruelty, or depravity on the part of his parents, guardian or other person in whose care it may be, is an unfit place for such child; or who is in need of special care and treatment because of his physical or mental condition, and his parents, guardian or legal custodian is unable to provide it; or whose

parent or legal custodian for good cause desires to be relieved of his custody; or who is without necessary care or support through no fault of his parents, guardian or custodian. * * *"

Virtually all these provisions are now set forth in 10 O.S.Supp.1977, § 1101(d) as the criteria for determining whether a child is "deprived."

2. Appellant attempts to challenge the entirety of § 1101(d) but we will not address those arguments addressed to other provisions of the statute. No other provision of the statute was

lates due process as it does not give fair warning of what parental conduct is proscribed and that it permits arbitrary and discriminatory enforcement by the juvenile authorities and the courts. We do not agree and hold the provision is constitutionally sufficient for a dependency proceeding.

Appellant's vagueness arguments proceed from the premise that this action came about only because she was suffering from a mental illness and that she was deprived of her recognized right to arrange for others to care for her children while she was incapacitated.[3] While that factual situation, had it occurred, would add strength to her constitutional challenge, it did not occur and such was not the basis of this proceeding. Appellant's children were alleged to be dependent because their grandmother, in whose care appellant had placed them, could no longer care for them and wished to be relieved of their custody.

■ Appellant misapprehends both the nature of this provision and the purpose of a dependency action. This provision does not proscribe any parental conduct or omission but is concerned only with the welfare of children and whether or not their essential needs are being met. These children were alleged to have no home and no custodian. The only purpose of the dependency hearing was to protect and assist the children by placing their custody with one able and willing to care for them. Appellant's conduct was never an issue. As appellant concedes, the terms "dependent" and "neglected" are not synonymous. See, *In re Vikse,* 147 Mont. 417, 413 P.2d 876 (1966).

■ Under our juvenile code, "dependent" and "neglected" are separate adjudicative categories and a proceeding may be brought to declare a child only "dependent" or only "neglected" or both "dependent and neglected", depending upon the facts. We have held that in a neglect action there must be a showing of parental "disregard of

duty owing to indifference or willfulness". *In re Sweet,* Okl., 317 P.2d 231 (1957). In a strict dependency action such as this, however, the only inquiry is whether a child is in need of care which for any reason is not being provided. There was no issue of parental fault or misconduct here.

■ While it is certainly true that the provision in question is broad, appellant has not shown that it is unconstitutionally vague standard in a dependency action. A statute is presumed to be constitutional and will be upheld unless it is clearly, palpably and plainly inconsistent with the Constitution. *In re Napier,* Okl., 532 P.2d 423 (1975).

■ The accepted federal-law test of vagueness is whether the language of the enactment conveys, with respect to conduct one is expected to follow, sufficiently definite warning so that men "of common intelligence or understanding" will not have to guess at the statute's meaning. *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15. When measured by this standard the provision of the statute under consideration is not flawed with constitutional infirmity. See anno., Supreme Court's Application of Vagueness Doctrine to Noncriminal Statutes or Ordinances, 40 L.Ed.2d 823.

Persons of ordinary intelligence know that children are by nature, as well as by law, incapable of caring for themselves and making those decisions which are vital to their well being and survival. A parent is on fair notice that whenever a child is homeless and without supervision and care, as appellant's children were, the state will step in to protect the child from risk of harm. Appellant does not dispute the fact that the state has a legitimate interest in protecting its minor citizens. See, *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). The welfare of children

pleaded and appellant does not allege that the state relied upon another provision in proving its case. We limit our decision to the only provision of the statute which was involved in this proceeding and affected appellant.

*Thrasher v. Board of Governors,* Okl., 359 P.2d 717 (1961).

3. See, *Roberts v. Biggs,* Okl., 272 P.2d 438 (1954); *In re Vilas,* Okl., 475 P.2d 615 (1970).

is the primary concern of our juvenile code and in balancing the rights of parents with those of their children, we believe that the statutory provision in question is sufficiently precise to withstand appellant's vagueness attack.

██ We stress that we are not confronted with a situation involving either alleged neglect or an effort by the state to terminate parental rights. We simply find that under the fact before us this provision is a constitutional effort to protect and assist dependent children and that the facts alleged in the petition were sufficient to set forth a cause of action.

██ We also reject appellant's argument that her demurrer to the evidence should have been sustained. The evidence was sufficient to adjudicate these children dependent under the juvenile code. For different reasons neither of the parents were caring for the children and their custodian desired to be relieved of their custody. These circumstances resulted in the children being homeless and without care necessary for their essential needs which required the trial court to place their custody with some suitable person. We do not agree with appellant that because the court was informed through her stipulation that as of several days preceding the hearing she was no longer hospitalized, the court erred in overruling her demurrer to the evidence. The stipulation contained no assertion or indication that appellant was improved and capable of caring for the children. The bare fact that she was no longer hospitalized meant nothing. As far as the court knew, she could have been away from the hospital without her doctor's permission. If appellant had evidence to present to the court concerning her improved mental health and her ability to care and provide for the children, she could have presented same. Instead she chose to stand on her demurrer.

The judgment of the trial court is affirmed.

All the Justices concur.