The Attorney General is in receipt of your opinion request wherein you ask the following question: "Is the ten-year residence requirement for the issuance of a package store license, as set out in 37 O.S. 526 [37-526], constitutional or is such requirement prohibited by the Fourteenth Amendment?" The United States Supreme Court in the Oklahoma case of Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397
(1976) made clear the relationship between the regulation of the liquor industry and the Fourteenth Amendment to the United States Constitution: ". . . Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 178-179, 92 S.Ct. 1965, 1974,32 L.Ed.2d 627 (1972) establishes that state liquor regulatory schemes cannot work invidious discriminations that violate the Equal Protection Clause."429 U.S. at 208, 97 S.Ct. at 462. The test of the constitutionality of the statute in question then, is set out in Coolman v. Robinson, 452 F. Supp. 1324, (N.D. Ind. 1978) relying on Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532
(1975). The United States District Court for the Northern District of Indiana said: ". . . this Court now determines that the proper test to apply in this case is whether the Indiana Statute, I.C. 7.1-3-21-3, 'rationally furthers some legitimate state purpose and therefore does not constitute an invidious discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.' San Antonio School District v. Rodriguez, 411 U.S. 1, 17,93 S.Ct. 1278, 1288, 36 L.Ed.2d 16 (1973)." Oklahoma's statutory scheme, of which the ten year residence requirement is a part, is mandated by the Oklahoma Constitution to be one of "strict regulation" and "control". Okla. Const., Article XXVII, Section 3, 37 O.S. 501 [37-501] et seq. (1971). In Coolman, the Court found that Indiana had enacted a legitimate regulation in its five year residence requirement the purpose of which Court described as follows: "The proposed solution was to establish a system for insuring that only citizens of high reputation, with the interests of the community and state at heart, would be permitted to receive licenses. This was to promote a state governmental interest in assuring that the license holders, who sold or distributed alcoholic beverages, were responsible, stable citizens interested in the future of the state and the community. "Indiana's scheme to promote their legitimate governmental interest relies heavily upon the personal knowledge of the applicant's character and reputation by members of his own community. Coolman v. Robinson, supra, at 1329, 1330. "Since Indiana places so much weight upon the applicant's character and reputation in the community it certainly cannot be said that some residence requirement is unreasonable and improper. It is elementary that before an applicant can obtain a reputation in the community he must reside for some period of time within the community." Coolman v. Robinson, supra, at 1330." As in Coolman, there is a rational nexus between the ten year residence requirement in Oklahoma and a legitimate State interest, a constitutionally mandated State scheme of strict control of the liquor industry. Further, statutes are presumed to be constitutional and should not be interpreted as unconstitutional unless clearly, palpably and plainly inconsistent with the Constitution. Matter of Daniel, Deborah and Leslie H., Okl. 591 P.2d 1175 (1979). Therefore, it is the official opinion of the Attorney General that your question be answered as follows: The ten-year residency requirement for the issuance of a package store license, as set out in 37 O.S. 526 [37-526] (1971) is constitutional and is not prohibited by theFourteenth Amendment to the United States Constitution. (WILLIAM W. GORDEN, JR.) (ksg)