**Hope LODES, Appellant,**

v.

**STATE of Oklahoma ex rel. OKLA-HOMA REAL ESTATE COM-MISSION, Appellee.**

**No. 77161.**

Court of Appeals of Oklahoma, Division No. 4.

March 3, 1992.

Rehearing Denied March 30, 1992.

Certiorari Denied Sept. 23, 1992.

J.W. Doolin, Lawton, for appellant.

Philip Holmes, Oklahoma City, for appellee.

REIF, Judge.

Real estate broker Hope Lodes appeals the district court affirmance of a two-month suspension of her license by the Oklahoma Real Estate Commission. Evidence at the Commission's hearing disclosed that Lodes entered into a contract to buy property from a client of her real estate agency at the client's asking price. Before closing with the client, Lodes learned of a resale opportunity for a higher price which she did not disclose. Shortly after closing with the client, Lodes resold the property at a profit. The Commission adopted its hearing examiner's conclusion that "Lodes violated Title 59 O.S. [Supp. 1990] § 858–312, paragraph 8 in that she failed to advise the [client] she would be making a profit on the purchase of the property." A broker may be sanctioned under this statutory provision for conduct which constitutes "untrustworthy, improper, fraudulent, or dishonest dealings." 59 O.S.Supp.1990 § 858–312(8). Lodes contends that this section is unconstitutional, because the language (1) is too vague to generally inform what conduct can subject a broker to sanctions, and (2) allowed the Commission to subjectively decide that her dealings in question violated this provision.

■ Lodes' primary argument is that the language of § 858–312(8) fails the test for vagueness set forth in *In re Daniel*, 591 P.2d 1175, 1177 (Okla.1979) (citation omitted). This case adopted the federal law test that focuses on "whether the language of the enactment conveys, with respect to conduct one is expected to follow, sufficiently definite warning so that men 'of common intelligence or understanding' will not have to guess at the statute's meaning." In order for a statute to be declared void for vagueness, the language of the statute must "clearly, palpably and plainly" fail this test. *Id.*

■ In applying this test and reviewing any statutory language that is challenged as vague, it is proper to consider the purpose of the statute, and the legitimate interest that the state is seeking to protect by the statute. *Id.* at 1177–78, and *Armstrong v. State*, 811 P.2d 593, 598–99 (Okla.Crim.1991). Additionally, the court in *Armstrong* held that provisions dealing with business or financial transactions will be judged by whether they are "clearly stated and understandable by an ordinary person in a commercial context."

■ One of the long-recognized purposes of Oklahoma's real estate licensing law is the regulation of the business of selling real estate for a fee or commission for the protection of those members of the public who wished to buy real estate or owned property they wanted to sell. *See Ratcliff v. Cobb*, 439 P.2d 194, 196 (Okla.1968). The clarity or vagueness of the prohibition against untrustworthy, improper, fraudulent or dishonest dealings must be decided in view of this purpose and commercial context.

In a case somewhat factually similar, the supreme court affirmed the suspension of a real estate broker for untrustworthy and improper dealings where the broker failed to disclose that he was purchasing his seller's property to take advantage of an available sale opportunity at a more favorable price. *Lee v. State ex rel. Oklahoma Real Estate Commission*, 516 P.2d 1342, 1346 (Okla.1973). The court concluded that "[the broker] breached his fiduciary relationship with Seller as her agent by failing to act in good faith and make full disclosure of an impending sale to others at a profit to himself." *Id.* The court specifically held that the fiduciary duty of disclosure continued until the broker's labors were completed in closing the transaction. *Id.*

This case clearly recognizes that breach of fiduciary duty or failure to act in good

faith on the part of a licensee are the types of untrustworthy and improper dealings the real estate licensing act protects the public from. We construe § 858–312(8) as simply holding a real estate licensee to the full range of fiduciary duties that are not otherwise covered by the other twenty causes for suspension. The language "untrustworthy, improper, fraudulent, or dishonest dealings" conveys a sufficiently definite warning of this standard of conduct to a real estate licensee of common intelligence and understanding. It is also sufficiently definite to prevent subjective, arbitrary and discriminatory enforcement. According, Lodes' suspension is not constitutionally infirm as she contends.

The hearing examiner's findings of fact and conclusions of law as adopted by the Commission are supported by the evidence and are free of reversible error. The trial court properly affirmed the Commission's order of suspension.

BACON, C.J., and STUBBLEFIELD, J., concur.