**In the Matter of BEVERAGE LICENSE # ABL–93–26 etc.**

**Jan CURTIS, d/b/a Main Street Bar, Appellant,**

v.

**William Norris PETERSON, District Attorney, Hughes County, Oklahoma, Appellee.**

**No. 83116.**

Court of Appeals of Oklahoma, Division No. 1.

May 23, 1995.

---

David T. McKenzie, Oklahoma City, for appellant.

William N. Peterson, Linda G. Evans, Holdenville, for appellee.

## *MEMORANDUM OPINION*

HANSEN, Presiding Judge:

Appellant, Jan Curtis (Curtis), seeks review of the trial court's order revoking her beverage license. We reverse and remand.

Curtis was the holder of a license allowing her to sell nonintoxicating beverages,[1] doing business as the Main Street Bar in Lamar, Oklahoma. In November 1993, Appellee District Attorney filed an *Application to Revoke Current License,* asking the District Court to revoke Curtis' license because (1) law enforcement officers had arrested one Myron S. Camp inside the Main Street Bar for public intoxication (2) Camp had pled guilty to "public drunk" (3) Curtis was working as a bartender in the Main Street Bar when Camp was arrested.

While the application to revoke contains no citation of legal authority, the parties agree the application is grounded on 37 O.S.Supp. 1992 § 163.11(I)(1),[2] which provides:

I. A judge of the district court, upon five (5) days' notice to the person holding such [nonintoxicating beverage retail sale] permit, shall revoke such permit for any one of the following reasons:

(1) Drunkenness of the person holding such permit or permitting any intoxicated person to loiter in or around his place of business; ...

Curtis moved to dismiss the application to revoke. Curtis argued the statutory language is unconstitutionally vague, specifically that portion of the statute authorizing revocation for permitting an intoxicated person to *loiter* in or around the licensee's place of business. After a hearing, the trial court ordered Curtis' license revoked, specifically finding Curtis had allowed Camp to loiter on or about the premises while Camp was in a drunken or intoxicated condition. Curtis brings her appeal from the trial court's order of revocation.

■ On appeal, Curtis reiterates her contention that the statutory language underpinning the revocation action was unconstitutionally vague. We agree. Section 163.11(I)(1) clearly requires the act of loitering in conjunction with the condition of intoxication. Thus, it is not sufficient that an intoxicated person merely be present on or about the licensed premises—the intoxicated person must loiter.

The question presented is how does the licensee, in order to protect his or her license, distinguish between an intoxicated person who is merely present and one who is loitering. In the absence of a statutory definition of loitering, or one found in our common law, we find the language in controversy is too vague to afford a practicable test for the licensee to make such a distinction.

Our Supreme Court found in *Matter of Daniel, Deborah and Leslie H.,* 591 P.2d 1175, 1177 (Okla.1979), that the test for vagueness is:

... whether the language of the enactment conveys, with respect to conduct one is expected to follow, sufficiently definite warning so that men "of common intelligence or understanding" will not have to guess at the statute's meaning. *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 [ (1974) ]. (emphasis in original).

In *Switzer v. City of Tulsa,* 598 P.2d 247 (Okla.Cr.App.1979), the Court of Criminal

**1.** "Nonintoxicating beverages" are those containing more than one-half of one percent alcohol by volume, and not more than three and two-tenths alcohol by weight. 37 O.S.1991 § 163.2.

**2.** Renumbered 37 O.S.Supp.1994 § 163.11(K)(1) by Laws 1994, c. 258 § 3, eff. Sept. 1, 1994.

Appeals, in considering a city ordinance making it a crime to frequent or loiter where gambling is being conducted, found *loiter* to be so imprecise as to escape uniform meaning. The Court in *Switzer* determined the ordinance was therefore inadequate to delineate the class of human behavior which shall be subject to punishment. We are persuaded by the Court of Criminal Appeals' reasoning and find it equally applicable to the controversy before us.

■ Appellee District Attorney makes the rather conclusional assertion that *Switzer* does not apply here because no criminal charges were filed against Curtis, although criminal charges could have been filed under 37 O.S.1991 § 163.20. We disagree and find the *Switzer* rationale equally pertinent to licensing cases. It is well established that where it is necessary to procure a license in order to carry on a chosen profession or business, the power to revoke a license once granted is *penal* and should be strictly construed. *Wolfenbarger v. Hennessee*, 520 P.2d 809 (Okla.1974). The implications of a loss of a business license are arguably much more severe than a misdemeanor conviction under § 163.20, and are similarly deserving of constitutional protection.

Even if use of *loiter* as an operative statutory term were not unconstitutionally imprecise in every circumstance, it is under the business circumstances here. Curtis was licensed to serve nonintoxicating beverages doing business as the Main Street Bar. Appellee, conceding *loiter* is not defined in our law, refers to *Black's Law Dictionary, 5th Edition,* which defines loitering as, among other things, "to spend time idly". Bars are by their nature premises where the clientele spend their time idly.

At what point does the authorized customer become the unauthorized loiterer? When is the licensee required to remove the former from the premises before he or she becomes the latter and subjects the licensee to possible loss of license? Because men "of common intelligence or understanding" would have to guess at the answer to these questions at their peril, we find use of the word *loiter* in 37 O.S.Supp.1992 § 163.11(I)(1) renders that portion of the provision relied upon here constitutionally flawed. The trial court's grounding revocation of Curtis' license on that provision deprived her of due process under the Fifth and Fourteenth Amendments to the United States Constitution and was in error.

The trial court's order is REVERSED and this matter is REMANDED to the trial court for further action consistent with this opinion.

JONES and JOPLIN, JJ., concur.