Patricia Anne BAKER (formerly Patricia
Anne Bursch), Plaintiff in Error,

v.

Joseph Burdett BURSCH, Defendant
in Error.

No. 39813.

Supreme Court of Oklahoma.
July 24, 1962.

Royse & Meacham, Elk City, for plaintiff
in error.

Wise & Ivester, Sayre, for defendant in
error.

BERRY, Justice.

On April 4, 1957, plaintiff in error, here-
after referred to as "plaintiff", instituted an
action against defendant in error, hereafter
referred to as "defendant", for a divorce,
division of property, custody of a minor
son (then 4 years old) of the parties, and
child support.

Defendant entered his general appear-
ance and waived issuance and service of
summons. Thereafter, on May 22, 1957,
judgment was entered granting plaintiff a
divorce, dividing the property of the par-

ties, awarding custody of the child and awarding plaintiff child support. This judgment became final.

The only portion of the judgment which is in controversy is that relative to custody of the child and child support. This portion reads as follows:

"* * * That under the terms of said separation agreement, plaintiff, Patricia Anne Bursch, is awarded the custody of the minor child and the defendant, Joseph Burdett Bursch, has agreed to pay the sum of $50.00 per month to plaintiff each month during the minority of said child as child support, and defendant is granted the privilege of having said child with him over-night and on weekends and for additional period of time not to exceed two months out of each year, the time to be agreed upon by the parties, and each party shall have the right of reasonable visitation when the other party has said child;

\* \* \* \* \* \*

"* * * (Plaintiff) is awarded the custody of the minor child of the parties, and defendant is ordered and directed to pay to plaintiff for maintenance and support of said minor child, Randolph Steven Bursch, the sum of $50.00 per month beginning June 1, 1957 and to continue until the said minor child attains majority;"

On May 15, 1961 defendant filed a motion to modify the divorce decree as to custody of the child. Plaintiff filed an answer to this motion in which she sought custody of the child and the sum of $2,400.00 as delinquent child-support payments.

Following trial of case to the court, judgment was entered granting defendant custody of the child on the first and third week-ends of each month; custody during one week of the Christmas holidays; custody on Christmas Eve and Christmas Day was alternated; custody during the month of August and custody was granted plaintiff during other portions of the year. Defendant was ordered to pay child support in the amount of $50.00 a month. As to delinquent child support, it was found and held that plaintiff had waived same.

From order of the trial court denying plaintiff's motion for new trial which was directed to the last mentioned judgment, plaintiff perfected this appeal.

For reversal, plaintiff contends that the evidence shows that it was for the best interest of the child that plaintiff have exclusive custody, and the trial court, therefore abused its discretion and erred in granting defendant partial custodial rights; that said court also erred in finding and holding that defendant had been released from child-support payments owing under the original judgment.

The evidence bearing upon the contentions so made can be summarized as follows:

Shortly after the divorce was granted, defendant remarried and he and his wife have since maintained a home in Elk City, Oklahoma. In 1960 plaintiff remarried and she and her husband have since maintained a home in said City. At all times since the divorce plaintiff has maintained a home in which she or she and her present husband have cared for the child.

There is no serious dispute but that for the first year following the divorce defendant was permitted to exercise in part the visitorial rights which were granted him by the divorce decree; that thereafter, plaintiff in effect gradually curtailed such rights and that for several months preceding the hearing which resulted in the appealed-from judgment, defendant was seldom permitted to exercise such rights.

Plaintiff testified that the reason she was not agreeable to defendant's fully exercising visitorial rights granted him by the divorce decree was plaintiff's demeanor toward the child, and his misconduct. She testified that defendant had a violent temper; that on one or more occasions he forced his way into her home; that on one occasion it was thought necessary to contact the local police who advised defendant to

stay away from plaintiff's home; that defendant was given to fits of temper in the child's presence on which occasions he struck her and "he even chased (her) with a butcher knife"; that prior to her last marriage defendant would question the child at length concerning his affection for her present husband; that the child made known on several occasions after defendant began to so question him that he did not wish to be with nor go to his father's home; that during the time she had custody of the child he had been well cared for and was happy; that affection existed between the child and his step-father; that the child made "A" grades in school and attended church each Sunday.

Defendant admitted that he had a "temper that is pretty bad" but "not near as bad as it used to be"; that immediately following the divorce he was guilty of misconduct in child's presence; that he "lost his temper" while questioning the child about his affection for the man plaintiff married; that until around a year and a half before the hearing, the child appeared to have affection for defendant and his wife but thereafter became "distant"; that he thought the child's step-father was "trying to captivate the affection of (the) child"; that he could and would furnish a home for the child; that he was financially able to do so.

The evidence shows that defendant and his present wife had an altercation during the evening of the day preceding the trial; that for some unexplained reason defendant's wife and a male acquaintance went to the local jail; that defendant drove to the jail; that his automobile collided with one owned by his wife's companion, who was a friend of defendant and his wife; that defendant became abusive; that he was placed in jail and charged with being drunk. Defendant testified that he was not drunk; that appearance of drunkenness resulted from an overdose of insulin; that he suffered from diabetes.

It is not disputed that defendant paid only a small portion of the child-support award. The evidence shows that plaintiff did not press for payment and tends to show that she had no interest in defendant's making the payments. It appears that defendant gave plaintiff a check for $30.00 which was never presented for payment to the bank upon which drawn. Plaintiff testified that she was employed by the bank; that shortly after the check was given she found that defendant did not have sufficient funds on deposit to pay the check; that she did not thereafter attempt to cash the check. Plaintiff did cash the $50.00 check which defendant gave her for child support.

■ We have held repeatedly that in awarding custody of a child in a case such as this, the paramount consideration of the court should be the best interest of the child. See 30 O.S.1951 § 11; Miracle v. Miracle, Okl., 360 P.2d 712, and cited cases. While discretion rests in the trial court in child custody cases, we will reverse where the evidence affirmatively shows an abuse of discretion. In the syllabus to the above cited case, this was said:

"In awarding the custody of a minor, the trial court should give paramount consideration to what appears to be for the best interest of the child in respect to its temporal, mental and moral welfare, and the entire determination of the question must be in the light of what is the child's best interest and where it affirmatively appears from the record that the trial court has failed to resolve the question in that manner, this Court will rectify the judgment in light of the evidence."

■ To our way of thinking, the record clearly shows that it would be to the best interest of the child to grant his custody to plaintiff, and for said reason we are of the opinion that the trial court abused its discretion and erred in granting defendant custodial rights as distinguished from visitorial rights.

■ As to delinquent child-support payments, we are of the opinion that the trial court erred in holding in effect that de-

fendant had been released from making such payments. In Craig v. Collins et al., Okl., 285 P.2d 859, 863, this was said:

"* * * It has long been settled by this Court that an order for child support cannot be modified to take effect retroactively. Sango v. Sango, 121 Okl. 283, 249 P. 925, and Reynolds v. Reynolds, 192 Okl. 564, 137 P.2d 914."

For other authority see cases cited at p. 1284 of annotated notes beginning at p. 1277, 6 A.L.R.2d.

For reasons stated, the judgment of the trial court is reversed and a new trial is ordered. At said trial, delinquent child-support payments should be computed and judgment entered in plaintiff's favor for the aggregate amount of such payments. As to custody of the child, the trial court is directed to enter judgment granting plaintiff custody of the child, provided, defendant shall be granted right of visitation at reasonable times.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY and JACKSON, JJ., concur.

IRWIN, J., concurs in result.

WELCH and DAVISON, JJ., dissent.