**William Loren GILBERT, Plaintiff in Error,**

**v.**

**Sandra Lee GILBERT, Defendant in Error.**

**No. 43264.**

Supreme Court of Oklahoma.

Sept. 16, 1969.

Fred A. Tillman, Deceased, Bill Heskett, Jack Heskett, Kelly Dee Young and Elizabeth Honnold Dalrymple, Bartlesville and Pawhuska, for plaintiff in error.

Denzil D. Garrison, Gerald R. Preston, Jr., Thomas W. Brown, Bartlesville, for defendant in error.

WILLIAMS, Justice.

The principal question for our determination in this appeal is whether the trial court erred in its order taking custody of the almost eight-year-old son of the parties from the father and awarding same to the mother. We hold it did not.

The parties to this appeal formerly were husband and wife. The boy, with the custody of whom we are here concerned, was born of that marriage. The parties were divorced in January, 1962, when the child was some fifteen months old. Hereinafter, plaintiff in error, the father of the child, will be referred to as the father or defendant and the defendant in error, mother, will be referred to as the mother or plaintiff.

At the time the parties were divorced, the mother of the child was nineteen years old. She then had no trade or profession nor was she possessed of any considerable amount of funds or property. She agreed for the father, who was some four or five years older than herself, and who had a permanent position with an established oil company, to be awarded custody of the child in the decree of divorce. The award was so made.

On the day the divorce was granted the mother removed to Lubbock, Texas, where she has since resided, been employed, learned to be an accountant and acquired a comfortable, satisfactory home. She has remained unmarried.

The father of the child has twice remarried. His second marriage was not successful and soon terminated in a divorce. Insofar as the record shows, his third marriage appears to be a satisfactory, happy and successful one.

After defendant was divorced from plaintiff he moved from Bartlesville to Pawhuska and left the child with defendant's parents. Meanwhile he, himself, resided with his grandmother for some 2½ years. Then he was married the second time and took the child back into his home and moved back to the Bartlesville area where he lived for about one and one-half or two years. Thereafter, he was divorced (January, 1966) and moved the child back to Pawhuska where substantially the same arrangements were made as before. After another two years or so he married the third time (about January, 1968).

Defendant's present wife has four children, two grown, and one 17, and one 14 at the time of trial. She is employed regularly during the day outside the home.

Some 6½ years after the granting of the decree of divorce to plaintiff because of the incompatibility of the parties, found to have been caused by the fault of defendant, plaintiff filed a motion to modify such decree wherein she alleged that defendant had moved the child about between different homes and schools and wherein she asked that custody of the son be awarded to her.

Thereafter, defendant filed his motion to modify based on the allegation that the mother had been taking the child away for the summer months, depriving him of an opportunity to engage in Scouting and church camp activities and to enjoy the association of his playmates.

The trial court heard the evidence and argument of the parties, found both parents

to be fit and proper persons to have custody of the child, gave the mother custody of such child during the school term (of the succeeding years) and awarded her $50.00 per month (except for the summer months) for his support, overruled the father's motion to modify but gave him custody of the child (each summer) from a time one week after commencement of summer vacation and until August 15th, and also gave him reasonable rights of visitation with the boy. The father has appealed.

In his appeal, the former husband complains that the "trial court erred in modifying custody, same not being according to the law or evidence" and relies upon the decision of this Court in Gibbons v. Gibbons, Okl., 442 P.2d 482. In our opinion in that case we reversed the trial court, which had granted custody of a young child to the mother. She had given it up several years earlier in order to care for her invalid mother and another relative she considered would have been a possible threat to the child had they lived in the same household. There the mother delayed making application for a change of custody until three years after she had been remarried and had established a new home.

In the Gibbons case the judge of the trial court apparently was of the impression that our interpretation of the statute (paragraph 2 of 30 O.S.1961 § 11) giving a preference in favor of the mother as to the awarding of custody of a child of tender years in the original decree of divorce if other things were equal, would also, if applicable, govern in a subsequent proceeding seeking change or modification of order with reference to custody, even though he considered awarding custody to the mother as being against his better judgment.

As above stated, in the Gibbons case we reversed the trial court and stated, in effect that where the facts were known to the trial court in awarding custody in a divorce decree, that for the other parent to get custody it would be incumbent upon him (her) to show (1) he (she) was a fit person, i. e., circumstances had changed, and (2) it would be for the betterment of the welfare of the child that the change be made. In that case, p. 486, we said:

"Therefore, paragraph 2 of 30 O.S. 1961, § 11 can have no application when, subsequent to the rendition of a final decree of divorce, it is sought to modify the last preceding order concerning the custody of a minor child of the parties to the divorce action by changing its custody from one parent to the other parent.

By this, we do not mean to hold that in cases of this kind the trial court may not consider, along with all other pertinent factors, the age of the child with respect to being 'of tender years' or being 'of an age to require education and preparation for labor or business,' in determining whether or not there has been a change of conditions which results in it appearing that the child would be better off, with respect to his temporal and his mental and moral welfare, if his custody were changed from one parent to the other parent; but we simply hold that, in its specific role as a 'tie-breaker' when all other things are equal, paragraph 2 of 30 O.S.1961, § 11 cannot apply, in this kind of case, to compel a change in custody from one parent to the other parent. * * *"

By reason of circumstances relating to the divorces and remarriages of the father and his financial affairs not necessary to delineate herein, the judge of the trial court apparently decided that, in this case, custody should be taken from the father and awarded to the mother.

In the case of Ness v. Ness, Okl., 357 P.2d 973, 975, 976, this Court said:

"The provisions for care and custody of minor children may not be modified unless it be shown that the circumstances of the parties have changed or unless material facts are disclosed, which were either unknown or could not have been ascertained with reasonable diligence at the time when the last prior determination was made. * * *"

"There exists no rigid formula by which to measure the nature of proof necessary to establish a change in circumstances sufficient to justify a revision of the custody arrangements. The paramount consideration in determining the question is the welfare of the child, and the trial court must be guided by what appears to be for the child's interest. Where a mother, because of ill health or other adversities of life, is not in a position to take full custody of her child of tender years, but who is later in a position to take such custody by virtue of being able to provide a suitable home and atmosphere in which to rear the child, it is proper that said change in conditions be considered by the trial court in passing upon an application such as here presented."

"Neither in the original decree nor in the subsequent order had plaintiff been adjudicated an unfit parent. The trial judge correctly observed that her moral character was not in issue unless challenged by the defendant. The evidence shows that until the time her present application was filed she had no suitable home and her living conditions did not enable her to assume the duties of a full-time custodian. Under the existing custody arrangements, as the trial judge remarked, she was being denied adequate access to and association with her children, * * *."

"The paramount consideration in a proceeding to determine custody of the minor issue of divorced parents is the welfare of the children, * * *."

In the case of Ness v. Ness, Okl., supra, 357 P.2d 973, 975 we affirmed the judgment of the trial court in modifying a decree of divorce to give custody of two girl children of the ages, respectively, of 7 and 5 years to the mother. Therein, concerning the mother, we said,

"We are impressed by her statement to the trial judge that she didn't want to 'completely take them [the children] away from the father' but 'just wanted the right to love them' herself."

In the case of Morgan v. Morgan, Okl., 268 P.2d 855, 857, we said:

"[A] trial court might properly take into consideration the advantages to be afforded a child of tender years by enjoying a home with a parent who was unable to offer a home at the time the original custody decree was entered."

In the case of Irwin v. Irwin, Okl., 416 P.2d 853, 857, 858, we stated:

"Where, in a divorce action, the husband attempts to show his wife's unfitness to have custody of the couple's five-year-old son, based upon her association with another man, it otherwise appearing that the child's best interests will be served, at least equally as well in her custody, as his, such unfitness must be established by clear and convincing evidence. And, where the trial court's determination as to the matter is not clearly against the weight of the evidence, it will not be disturbed on appeal."

See also concluding two paragraphs of Ness v. Ness, supra, 357 P.2d at pp. 975–976 and Adams v. Adams, Okl., 294 P.2d 831, 836 and cases there cited, of similar effect.

We determine, under the facts and circumstances of the present case, that the trial court did not abuse its discretion in awarding custody of the minor son of the parties to plaintiff, with the right in the father to have custody of the son during the summer months as outlined in this opinion.

Judgment affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, BLACKBIRD, JACKSON, and McINERNEY, JJ., concur.

LAVENDER, J., concurs in result.

HODGES, J., dissents.