**Barbara Ann WALKER, Plaintiff in Error,**

**v.**

**Joe R. WALKER, Defendant in Error.**

**No. 43202.**

Supreme Court of Oklahoma.

Oct. 28, 1969.

Berry, V. C. J., and Blackbird and Hodges, JJ., dissented.

Bruce H. Harlton, Jr., Tulsa, for plaintiff in error.

Coffey, Lassiter, Oliver, Rogers & Lassiter, Tulsa, for defendant in error.

WILLIAMS, Justice.

Plaintiff in error appeals from an order of the trial court denying her motion for custody of the twelve-year-old daughter of the parties. The order of the parties' appearance in this Court is the reverse of that in the trial court. Our reference hereinafter to them will be as they were designated below or according to the relationship they bear to the child.

The question for our determination in this appeal is whether the trial court erred in denying motion of the mother for custody of her daughter of whom she had not had custody for more than three years. We hold that under the facts and circumstances of this case it did not.

The parties were first married in Tulsa, Oklahoma, in October, 1954. Pamela Ann, their daughter, was born on January 11, 1956. A divorce was granted in January, 1959. Thereafter the parties were remarried at Vinita, Oklahoma, in June, 1961. The divorce action filed by the husband against the wife, out of which the present appeal arose, was filed in August, 1965. Defendant wife was then living in Tulsa. A summons was served whereby she was notified that in the event of her default a divorce, custody of their daughter and certain personal property would be awarded her husband. Defendant made no appearance and decree was granted the husband on September 14, 1965, accordingly, on the ground of incompatibility on the part of the wife. Pamela Ann was then nine years of age.

In June, 1968, defendant filed her motion to modify, requesting that she be given custody of the daughter, who at the time of the hearing thereon in September, 1968, was of the age of 12 years. Defendant alleged that at the time of the divorce she was a fit and proper person to have custody of the child but that at such time she had had no proper home in which to raise the child or employment to support her; that a change of conditions had arisen as she now has a suitable home, is now married to Mr. Fenton, has a compatible marital relationship; that the marital relationship of the father does not constitute a wholesome atmosphere for raising the minor daughter; that plaintiff, in violation of the divorce decree has denied defendant's right to visit with the child by means of placing her in the home of the child's aunt and uncle. Defendant prayed for custody of the child and $100.00 per month for support of the child.

Plaintiff filed a motion to set aside an order that had given temporary custody to the mother, in effect contravening defendant's allegations.

At the trial on the motion to modify, it was ordered that the parties could not adduce evidence of matters that had occurred prior to the last divorce.

Defendant's evidence tended to show that she was of the opinion she had no proper home or income to care for her daughter at the time of the last divorce but that her circumstances were now changed; that she at time of trial was the third wife of her then husband; that they had a three-bed-room brick home; that they had been married nearly a year; that their income was such that she had quit her job and was employed in maintaining the home. Defendant's evidence further tended to show that she loved the daughter and wanted her with her; that the daughter, Pamela Ann, loved her father but wanted to live with the mother; that Pamela Ann had had some spats with the children of defendant's present husband by a previous marriage; that plaintiff had made threats against defendant and her present husband; that plaintiff had spanked Pamela Ann with his belt and made some spots on her person; that defendant and her present husband would talk to Pamela Ann when she did wrong and seemed to be able to discipline her better in that manner.

Plaintiff's evidence tended to show that he had remarried but such marriage had been annulled; that he had no present intention of re-marrying; that he was 34 years of age; that either he would be in Tulsa near his parents or in Durant near an aunt and uncle, with whom the care of Pamela Ann had previously been shared; that he provided for Pamela Ann's physical needs and moral welfare, helped her with her school work, treated her in the normal manner of an ordinary father for an ordinary child, that she made average grades, that he took her to church, that she had playmates with whom to associate, that he furnished her with clothing, a bicycle, came in regularly from work in

the evenings, picked her up from the relatives' home, gave her his personal care and attention, prepared her meals and let her do her school homework.

Pamela Ann at different times has expressed a desire to go with her father, and at others, with her mother.

The trial court found against defendant, but did modify the last divorce to the extent of giving defendant custody of Pamela Ann two week-ends each month and two months each summer.

Defendant on appeal argues with emphasis that the judgment of the trial court is contrary to the weight of the evidence, even asserting the evidence of defendant was not controverted. She further says that it was shown that a change of custody to the mother would have benefited the child and that the failure to order such a change is contrary to the law of our State. She argues finally that the trial court should have awarded her attorney a fee, substantial in amount.

Defendant emphasizes that, as she is the mother of Pamela Ann, considerations of the best interest of a 12-year-old girl child indicate that her custody should have been awarded to defendant.

The parties have cited numerous authorities of a general nature bearing on the considerations deemed applicable in this situation.

■ In the opinion of this Court in the case of Gibbons v. Gibbons, Okl., 442 P.2d 482, 485, quoting from C.J.S., we said:

"The mere fact that conditions have changed since the divorce of the parents is insufficient in itself to warrant a modification of the custody order. Therefore, it is insufficient to establish some change in circumstances or slight change in conditions; there must be a showing of material, permanent and substantial change in the circumstances or conditions of the parties, affecting the welfare of the children to a substantial or material extent, the two issues being closely intertwined."

Quoting from the case of Stanfield v. Stanfield, Okl., 350 P.2d 261, we there further said:

"In the present case there has been a showing that defendant is now in a position to provide a home for these children in a good environment. However, there has been no showing that such home and environment is better than that provided by plaintiff and that a change would be of greater benefit to the children and their welfare. * * *"

In the Gibbons case, supra, from which we have just been quoting, we reversed the judgment of the trial court awarding custody of a ten-year-old son to his mother, who had not had custody of him for some five years.

In the case from which the present appeal arose, the trial judge had the parties before him and could weigh the respective claims of the parties in the light of his observation of the witnesses. We decline to say the judgment is against the weight of the evidence.

■ In the light of the claims of the parties pro and con as to causation of troublous and extensive litigation we decline to reverse the order denying attorney fee for defendant.

Judgment affirmed.

IRWIN, C. J., and DAVISON, JACKSON, LAVENDER and McINERNEY, JJ., concur.

BERRY, V. C. J., and BLACKBIRD and HODGES, JJ., dissent.