Linda Faye **OWENS**, Plaintiff in Error,

v.

Billy A. **OWENS**, Defendant in Error.

No. 43946.

Supreme Court of Oklahoma.

Feb. 22, 1972.

Frank R. Courbois, Oklahoma City, for plaintiff in error.

Hal S. Whitten, Jr., Oklahoma City, for defendant in error.

BARNES, Justice:

Plaintiff in error and defendant in error, hereinafter referred to by their trial court designations of "plaintiff" and "defendant", respectively, were married in May, 1964, when plaintiff was seventeen years old. When plaintiff divorced defendant on September 30, 1968, she had been employed by an insurance company since shortly after the birth of Billy, the youngest of the couple's two children. At the time of the divorce, Billy and the couple's other child, Laura, were two and four years of age, respectively. The family then lived in a home in Bethany which was encumbered under a Veteran's Administration loan they were repaying at the rate of $87.00 per month; and, besides their household furnishings, they owned two Chevrolets, one a 1956 model and the other a 1965 model.

By the divorce decree, plaintiff was awarded the children's custody, with child support in the sum of $100.00 per month, beginning on the date of the decree and payable the 30th day of each month thereafter during the children's minority, or until further order of the court. Plaintiff

was also awarded the 1965 model Chevrolet, the couple's household furnishings, and "possession" of their home "subject to the indebtedness thereon." Defendant was directed to convey his interest in this home to plaintiff by quitclaim deed "as of this date . . ."

Defendant was awarded the 1956 model Chevrolet, plus his personal "belongings and jewelry," and granted the right to visit the children "at all reasonable and seasonable times." Defendant was specifically relieved (as between the parties) of paying utility as well as mortgage "payments," but was directed to pay certain accumulated bills which totaled $655.00.

Thereafter, defendant married his present wife, Kay, in Texas on October 7, 1968. After returning to her Oklahoma City apartment for a short time, the newlyweds moved, with Kay's two small children, to Corpus Christi, Texas. During the approximate three months they resided there, defendant was unemployed; and the only child support he paid plaintiff directly was $75.00, but, for application on that obligation, plaintiff received the proceeds of a check defendant's former Oklahoma City employer issued as his back wages in the amount of $59.19, and she also received certain motor boat insurance benefits said to have amounted to $75.00.

When defendant and his new family returned to Oklahoma City from Corpus Christi in January, 1969, they moved into his father's duplex, and defendant got a job.

When, by the end of that month, plaintiff was delinquent in her payments on the Bethany home for a period of four months, and, according to defendant's testimony, garnishment of his salary and foreclosure of the home mortgage were threatened (because of this $348.00 indebtedness), he borrowed sufficient funds to pay it, and paid some other expenses connected with the delinquency, as well as utility bills plaintiff had incurred, and moved into that home with his present family about the same time (February 2 or 3, 1969), plaintiff,

with Laura and Billy, Jr., moved out of it into a house trailer which rented for $75.00 or $80.00 per month.

During the first two days and nights plaintiff and her children lived in the trailer, she discovered its heater was faulty and would not keep the trailer warm. Accordingly, she took the children to defendant to keep for about two weeks, until she could get located in another abode. When plaintiff had thereafter moved into an apartment shared by two other young women, defendant allowed plaintiff to visit the children at his residence, but would not allow her to take them away from those premises and refused her demands to return them to her.

In May, 1969, plaintiff instituted the present proceedings by filing, in the divorce action, a pleading entitled: "APPLICATION FOR CITATION", in which she complained both of defendant's refusal to return the children and of his delinquency in child support payments.

Defendant responded to the Application and filed a motion to modify the divorce decree by relieving him from paying child support and vesting the minors' custody in him on the alleged ground that this would be for their best interest.

At the trial, defendant admitted he had refused to return the children to plaintiff and that he and his present wife had refused to let her visit them away from their residence, stating that he feared she would regain their possession. It did not appear exactly how defendant had been able to dispossess plaintiff of this home and its furnishings, which, as aforesaid, had been awarded to her by the divorce decree. One statement in her testimony indicated that when she moved out of it, she may have left the furnishings there for him and his present wife, by agreement; but other than his mention of foreclosure proceedings and defendant's testimony that the house needed repairs before he took possession of it, the record does not show the present status of the homeowners' equity in that property.

At the close of the trial, the court, in announcing his decision, indicated his disapproval of the way defendant had assumed custody of the children (in violation of the divorce decree), but expressed the belief that it was to the children's best interest to leave them with him, and entered an order which, among other things, modified the divorce decree by granting him the children's custody. This is the only portion of the trial court's order and/or judgment challenged in the present appeal lodged by plaintiff after she was denied a new trial.

In Gibbons v. Gibbons, Okl., 442 P.2d 482, we described the burden of proof a father or mother must discharge in order to obtain a post-divorce change of their children's custody. We have thoroughly examined the evidence in this case and find that it does not discharge defendant's burden under the rule there. On the contrary, it appears that the changes of condition herein have largely been brought about by defendant's wrongful conduct in that:

(1) He established his present marriage only a week after the divorce was granted;

(2) He failed to pay all of his child support the first four months after his divorce, which obviously caused part of plaintiff's inability to pay her bills;

(3) He obtained temporary possession of the children by agreement with plaintiff, but, instead of complying with said agreement and the divorce decree, he withheld custody of the children from plaintiff, making it necessary for her to file an application with the court for their return, and not until he was obliged to answer plaintiff's citation did he seek the children's legal custody by any process of law.

If the trial judge was of the opinion that, since the divorce decree, plaintiff has become unfit to have her children's custody, or for any justiciable reason it was for their best interest to divest her of such custody, the record contains insufficient evidence to support such a determination.

The order and/or judgment appealed from is therefore reversed, and this cause is remanded to the trial court with directions to sustain plaintiff's motion for a new trial.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, LAVENDER and McINERNEY, JJ., concur.

HODGES, J., dissents.