Armberdeen POINTER dba Pointer's Realty Company, Appellee,

v.

Kendall P. HILL and Edmond Dale Leigh, Appellants.

No. 46228.

Supreme Court of Oklahoma.

May 13, 1975.

As Corrected June 12, 1975.

W. Ryan Russell, and Tom T. Pruitt, Oklahoma City, for appellee.

Edmond Dale Leigh, Oklahoma City, for appellants.

SIMMS, Justice.

Appellee-plaintiff's action in the trial court was for the recovery of a real estate broker's commission under a written ninety (90) day exclusive listing contract, and for

fraud arising from an alleged conspiracy to abrogate appellee's rights under the executory contract.

The trial court sustained appellee's motion for directed verdict against appellant Hill for the 5% commission ($800) and against both appellants Hill and Leigh for fraud ($800). Judgment was entered accordingly, and appeal perfected.

In an unpublished opinion, the Court of Appeals reversed the judgment of the trial court with directions to enter judgment for appellants for the sole reason that appellee had failed to produce evidence of licensure in accordance with 59 O.S.1971, § 855, which provides, inter alia, that no person "shall bring or maintain an action in any court" of this state for the recovery of a real estate broker's fee without alleging and *proving* that such person " * * * was a licensed real estate broker or salesman when the alleged cause of action arose." (E.A.)

The Court of Appeals held that proof of licensure is a jurisdictional requirement and a prerequisite to entry of judgment for the amount of a real estate commission.

Although appellants raised four propositions of error, the Court of Appeals decided only the licensure issue.

Attached to appellee's petition for rehearing in the Court of Appeals was an affidavit of Charles Case. Case's affidavit stated essentially that he was the secretary of the Real Estate Commission of Oklahoma; that appellee-plaintiff had been licensed by the Commission as a salesman in March, 1953, then licensed as a broker on February 20, 1959; and that appellee had been so licensed continuously until January 8, 1974, the date of the affidavit. (This would include the 90 day period of the listing contract, from August 14 to November 14, 1971.) Also attached to the petition for rehearing was a copy of a real estate broker's license issued to appellee by the Real Estate Commission of Oklahoma.

Petition for rehearing was denied by the Court of Appeals, and appellee seeks certiorari.

While the result reached by the Court of Appeals opinion was correct at the time it was written, denial of petition for rehearing to which the affidavit was attached raises two questions:

1. Was the affidavit sufficient to establish the probability that plaintiff was licensed when the cause of action arose so that the matter should have been referred back to the trial court for determination of that issue; and

2. Even if the affidavit was sufficient, should the Court of Appeals have considered it since plaintiff's presentation of the document for the first time in a petition for rehearing showed such an obvious lack of diligence?

Under this Court's decisions, the affidavit would clearly be a sufficient indication of licensure to justify sending the matter back for the trial court's determination of the issue, as will be herein demonstrated.

In Jones v. Major, Okl., 317 P.2d 190 (1957), no evidence of a license was presented either at trial or on appeal. The Court stated that as the question was a jurisdictional prerequisite to judgment and, as the record revealed that no determination had ever been made, the case must be sent back to the trial court for a determination.

In Brown Inv. Corp. v. Hickox, Okl., 369 P.2d 807 (1962), which is cited by the Court of Appeals, the plaintiff attached an affidavit to the appeal brief in an effort to establish proof of licensure. The affidavit in *Brown* was apparently identical to the one appellee submitted in the instant case. It is clear from a reading of *Brown* that the affidavit was sufficient, but, as it concerned the license of an officer of the Corporation rather than the plaintiff corporation itself, proof of the averments would not have established plaintiff's license and therefore, there was no need for further hearing on the issue.

In Loftis v. LaSalle, Okl., 434 P.2d 221 (1967), the plaintiff failed to comply with § 855 at trial and submitted an affidavit

from the secretary of the Ada Board of Relators on appeal. While the Court did not view the document with favor as it was not the best evidence, the Court found that it was sufficient to call attention to the probability of plaintiff's licensure by the State at the time the cause of action arose and the judgment was vacated with directions to the trial court to hear and determine the licensure issue.

■ Although appellee submitted her evidence of licensure in a most untimely manner, it appears that since the question involved is one of jurisdiction, the Court of Appeals should have considered the affidavit on Petition for Rehearing, decided appellant's remaining propositions of error and sent the matter back to the trial court for a determination of the jurisdictional question.

■ Though appellee's presentation of the affidavit is unquestionably tardy and no excuse for this dilatory procedure is presented, the question of jurisdiction is an issue which is "primary and fundamental in every case, and must be inquired into and answered by this court, both as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by any party or not." Davis v. Sandlin, Okl., 392 P.2d 722, 723 (1964); Cavnar v. Cohlmia, Okl., (1973), 44 OBJ 894 (March 6, 1973) as Modified, 44 OBJ 1719 (May 19, 1973).

The general rule set forth in 5 Am. Jur.2d, Appeal & Error, § 987, is:

"In civil cases it is a well recognized rule that questions not advanced on the original hearing will not be considered on petition for rehearing, except in unusual circumstances, *or where fundamental or jurisdictional* error is involved." (E.A.)

Appellants' second, fourth, and fifth propositions concern the trial court's judgment awarding appellee damages for fraud. It is unnecessary to address these assertions separately. The character of appellee's action was such that the cause of action for fraud was improper and the judgment in her favor must be reversed.

Appellee contends that fraud was a "second and distinct" cause of action which existed independent of the recovery she sought for breach of contract. She argues that the judgment was not an award of exemplary damages for breach of contract as is proscribed by 23 O.S.1971, § 9.

However, appellee offers no authority to the Court to support her position that, in this case, damages are properly recoverable for both breach of contract and fraud.

■ Appellee's uncontroverted evidence showed only that defendants breached their contractual obligation to her. Her recovery for breach of contract is limited to an amount no greater than that set forth in the contractual agreement. 23 O.S.1971, §§ 21, 96.

Appellant's remaining proposition asserts error by the trial court in granting appellee's motion for directed verdict against them.

Appellee's evidence concerning appellant Hill's breach of contract was wholly uncontroverted. As appellant Hill presented no conflicting evidence requiring a determination of any factual questions by the jury, the trial court did not err in sustention of appellee's motion for directed verdict in the amount of the real estate commission.

However, by reason of our holding that appellee cannot recover on both the theory of breach of contract and fraud, we conclude the trial court erroneously sustained appellee's motion for directed verdict on the issue of fraud and that part of the judgment of the trial court must be reversed.

Therefore, opinion of the Court of Appeals is Vacated. Judgment of the trial court awarding appellee $800 for fraud is reversed. Judgment for appellee in the amount of $800 as and for real estate commission is vacated, and this cause is remanded to the trial court with directions to hear evidence and determine the jurisdic-

tional question of licensure, on a day certain and upon reasonable notice to the parties. If, upon such hearing, appellee shall establish she was duly licensed by the State of Oklahoma as a real estate broker at the time the cause of action arose, as required by 59 O.S.1971, § 855, judgment in the amount of the real estate commission shall be rendered in favor of appellee. If, upon hearing, appellee is unable to establish such licensure as required by statute, judgment for appellee shall stand reversed with directions that the trial court sustain appellant's demurrer to appellee's evidence.

The costs of this appeal are charged to appellee for failure to make timely proof essential to jurisdiction.

All the Justices concur.