**Sandra Sue PIRRONG, Appellant,**

v.

**Cecil M. PIRRONG, Appellee.**

**No. 47429.**

Supreme Court of Oklahoma.

March 23, 1976.

Rehearing Denied July 20, 1976.

Berry & Berry, Oklahoma City, for appellant.

Stipe, Gossett, Stipe & Harper, by Gene Stipe and Carl D. Hughes, Oklahoma City, for appellee.

HODGES, Vice Chief Justice.

This is an action for divorce, custody of children, alimony, and division of property. Certiorari is granted for the limited purpose of reversing the judgment of the trial court and the decision of the Court of Appeals concerning child custody and child support. The trial court and the Court of Appeals decisions are affirmed as they relate to alimony and property division.

Appellant Sandra Sue Pirrong and Appellee Cecil M. Pirrong were married on June 12, 1958. Three children were born of the marriage.

Appellant filed suit for divorce, alleging incompatibility. After the trial, she was granted the divorce, on that ground, and was awarded custody of the three children, child support of $450.00 per month, with "reasonable" visitation rights granted appellee.

The Decree made certain orders relating to division of property, but the trial judge refused to grant alimony for support.

Motion for new trial was overruled. The Order then entered made provision for support payments pending appeal, and specified times that appellee should be permitted visitation. Thereafter, the appellant filed her Petition in Error, challenging the property settlement and refusal to award alimony as inequitable and an abuse of discretion.

While the appeal was pending, appellee filed a motion to modify the decree pending appeal, and citations for contempt. The trial court overruled appellant's plea

to jurisdiction of these matters, and proceeded to hear the motion to modify.

After hearing, the court left custody of the older daughter with the mother, while reducing her child support to $100.00 per month, and granted full custody of the younger two children to the father.

Appellant filed her amended Petition in Error alleging error and abuse of discretion arising out of the last custody order.

The evidence presented at the motion to modify custody was the only substantial change in conditions which had occurred from the time the divorce was granted until the order to modify was entered was that the appellee's emotional condition had become stable. Initially, the appellant was given custody of the children because of the instability of the appellee.

At the initial hearing on custody, the court specifically found appellant was a fit and proper person to have the permanent care and custody of the three minor children of the parties. The testimony of the expert witness was that appellee suffered from domineering, aggressive and paranoid tendencies, and had an obsession about cleanliness. When he was asked about his medical opinion as to the proper custodian of the children he replied, "There is no question in my mind, as far as the benefit of these children, they should basically be with the mother."

The same physician testified at the hearing on modification that he had seen appellee approximately twenty times, that he had progressed tremendously and he saw no reason why he would not be a fit parent for the children.

The evidence is entirely lacking of the appellant's unfitness, and the court made no finding that she was an unfit person to retain custody of her children.

The record reflects there had been no substantial changes in conditions bearing directly upon the temporal, mental and moral welfare of the children since the granting of the divorce.

The recovery of the appellee is not sufficient reason to justify modification of custody. The mere fact that conditions have changed since the divorce of the parents is insufficient in itself to warrant a modification of custody. Owens v. Owens, 494 P.2d 318 (Okl.1972); Walker v. Walker, 460 P.2d 900 (Okl.1969).

The modification apparently resulted from altercations between the parties when the father attempted to visit the children. He was told by their mother that the children could go with him if they wanted, but she would not force them to go if they did not want to. As a result, the appellant and her parents were cited for contempt.

The trial court found the mother's statement to the children, "You may go if you want to, but you don't have to go," when making reference to the father's visits was "merely a subterfuge aimed into coercing the children into staying with her and avoiding the visitation privileges ordered by the court."

The trial court should not award nor change custody of children to punish a parent for contemptuous conduct. It may, however, consider such conduct in determining the welfare of the children. Young v. Young, 383 P.2d 211, 214 (Okl.1963).

Assuming arguendo, the conduct of the appellant and her parents was contemptuous, we find such conduct does not presently warrant a basis for modification of the custody decree. It was only a short period of time from the divorce hearing to the modification hearing, which oftentimes we regrettably find the bitterness of the parties continues. Perhaps now a sufficient time has elapsed in which the parties can put their feelings in the proper perspective and consider the important issue—the welfare of the children. If the trial court in a subsequent hearing finds the appellant has continued to violate its orders on visitation, and such persistent violations have affected the welfare of the children, then, in that event, we would

have no hesitancy in approving a change of custody.

■ A divorce decree fixing custody of children is final on the conditions then existing and the facts known to the trial court. In order for the other parent to gain custody it must be shown that he or she is a fit person and there must be a showing of material, permanent, and substantial change in the circumstances or conditions of the parties which affect the children to a substantial or material extent. *Lynn v. Lynn,* 443 P.2d 106 (Okl.1968); *Gilbert v. Gilbert,* 460 P.2d 929 (Okl. 1969); *Walker v. Walker, supra.*

■ The trial court should give paramount consideration to the best interest of the children in determining custody. Where it affirmatively appears, as it does in the case before us, that the trial court has failed to do so, the Supreme Court will rectify the judgment. *Baker v. Bursch,* 374 P.2d 31 (Okl.1962).

■ Based on the record before us we order that all the children be placed in the custody of the appellant. The cause is remanded to the trial court to determine the visitation rights of the appellee, and the amount of child support.

■ Certiorari granted. Judgment of Trial Court and Court of Appeals affirmed in Part; Reversed in Part.

DAVISON, BERRY, LAVENDER, SIMMS, and DOOLIN, JJ., concurring.

WILLIAMS, C. J., and IRWIN and BARNES, JJ., dissenting.

## ON REHEARING

SIMMS, Justice.

On rehearing, Appellee urges misapplication of the law to the facts regarding the award of custody of the minor children of the marriage to appellant; appellate jurisdictional failure in that appellant failed to properly preserve the issue of custody for appeal; mootness of this Court's decision regarding custody because of an order of the trial court pertaining to custody while this case was on appeal; the "invidious discrimination" of Oklahoma's "statutory and Judicial scheme", beginning with 30 O.S.1971, § 11, pertaining to the custodial award of a child of tender years to the mother.

Having carefully reviewed the entire record of all proceedings which have been filed in this Court for purposes of appeal, we conclude that the majority opinion of this Court correctly applied the law of Oklahoma to the evidence of the case in that this Court gave paramount consideration to the best interests of the children of the parties.

■ No appellate jurisdictional defect is apparent in that the trial court in its decree of divorce awarded custody of the children of the parties to appellant at the time of entry of judgment and appellant therefore had no reason to seek appellate review of the custody order entered by the trial court. Appellant timely filed her petition in error in accordance with Rule 1.14 and 1.15(a) of the Rules on Perfecting a Civil Appeal, 12 O.S. Ch. 15, App. 2. It was after the timely filing of the petition in error that the trial court entertained appellees motion to modify, and entered an order changing the custody of one of the children from the mother to the father. Immediately following the modification order, and before briefs were filed, appellant filed an amended petition in error, as provided by Rule 1.17(a), placing in issue in the appeal the postjudgment custody modification order.

■ The brief in support of rehearing urges mootness of this Court's opinion regarding custody by reason of a denial of the Appellant's motion to modify filed and heard in the trial court while the matter was on appeal. We find this argument unique but totally unimpressive. No attempt was made prior to rehearing to have this Court consider the evidence on Appellant's post-judgment motion to modify nor was such evidence ever tendered to this Court for consideration prior to the pro-

mulgation of this Court's opinion. Appellee's effort to have this Court consider matters de hors the designated record for the first time on rehearing is contrary to the prior holding in *Pointer v. Hill*, Okl., 536 P.2d 358 (1975) wherein we adopted the general rule set forth in 5 Am.Jur.2d, Appeal and Error, § 987.

> "In civil cases it is a well recognized rule that questions not advanced on the original hearing will not be considered on petition for rehearing, except in unusual circumstances, or where fundamental or jurisdictional error is involved."

Also, see: *Brown v. State Election Board*, Okl., 369 P.2d 140 (1962).

Applying the *Pointer, supra,* rationale, Appellee's Application to Supplement the Record and for Continuance is DENIED.

We next treat Appellee's rehearing argument addressing the purported "invidious discrimination" of Oklahoma's "statutory and Judicial scheme" based on 30 O.S. 1971, § 11, pertaining to the award of custody of children of tender years in divorce cases. We need only observe that at no time in this case has any Court relied upon the above statute or so-called "scheme". Additionally, Appellee belatedly injects this issue for the first time on rehearing and is thereby proscribed by the above-quoted rule in *Pointer, supra*; and, *Brown, supra*.

We therefore conclude the petition for rehearing is without merit and deny same.

■ In the event rehearing is denied, Appellee asks this Court to stay issuance of mandate pending appeal to the United States Supreme Court. Supreme Court Rule 33, 12 O.S. Ch. 15—App. 1, reads in part: "If the petition for rehearing is denied the mandate *may* issue." The word "may" as used in Rule 33 vests with this Court the discretionary authority to either issue or stay issuance of mandate after rehearing. Because stability of environment and a minimum of disruption are salient factors in applying the paramount interest of the child test, and in considering all the facts and circumstances disclosed by the record, we decline to stay issuance of mandate in this cause.

■ Appellee's application for visitation filed in this Court is Denied without prejudice to presentment in the trial court, all in accordance with the Judgment of this Court in the majority opinion. His request for oral argument is also Denied.

Because of this opinion on rehearing, we find it unnecessary to rule upon Appellant's motion to strike.

REQUEST FOR ORAL ARGUMENT DENIED. PETITION FOR REHEARING DENIED. APPLICATION FOR VISITATION DENIED WITHOUT PREJUDICE. APPLICATION TO STAY ISSUANCE OF MANDATE DENIED.

HODGES, V. C. J., and DAVISON, BERRY, LAVENDER and DOOLIN, JJ., concur.

WILLIAMS, C. J., and IRWIN and BARNES, JJ., dissent.