**David Reese GRIM, Appellant,**

v.

**Cathy Ann GRIM, Appellee.**

**No. 58852.**

Court of Appeals of Oklahoma, Division No. 4.

June 21, 1983.

Released for Publication by Order of the Court of Appeals July 22, 1983.

Shockley T. Shoemake, Shoemake & Shoemake, Pawhuska, for appellant.

Stephen B. Riley, Harris & Riley, Bartlesville, for appellee.

STUBBLEFIELD, Judge.

The record in this case reveals that defendant left the parties' home in May of 1981, leaving the parties' child, then some sixteen months old, in the care of plaintiff. Defendant's testimony established that, at that time, she moved in and lived with another man for four months.

Plaintiff filed a petition for divorce on June 5, 1981, alleging incompatibility and abandonment. Defendant filed an entry of appearance and waiver three days later.

Defendant also wrote a letter to the court in the nature of an answer in which she stated:

"I do not wish to carry on this matter any longer, or complain about any of the orders. I know the Minor Child will be in good hands with the Plaintiff. I would Love to have our child in my care, but at this time I cannot afford to pay for a lawyer and legal fees.

"I do not wish to take this matter to court but I do wish to get it over with as soon as possible. As long as the child is taken good care of I have no complaints. I would like to say, though, I would like to keep him every other weekend, when it does not mess up the Plaintiff [sic] schedule."

Plaintiff was subsequently awarded a divorce from defendant on August 6, 1981. The divorce decree awarded exclusive custody of the minor child to plaintiff, subject to liberal rights of visitation.

On December 14, 1981, defendant filed a motion to modify the custody provisions of the divorce decree. As grounds for this modification defendant alleged that "there has been a substantial change of conditions ... regarding the plaintiff's ability to care for the minor child...."

After a hearing in the matter, held on July 1, 1982, the trial court entered its ruling, stating:

"The Court is inclined at this time not to give any final determination on the matter but to place the custody in the movant for a period of six months which would put it into January, and in the meantime, ask the department of Human Resources to make a continuing investigation as to the movant's fitness take care of the child. Obviously from what some of the testimony's been today, there is a question in the Court's mind now as to whether or not she (the movant) is fit to raise a child or not, but I think she deserves the opportunity to show the Court that she can and would, that she has materially changed and that she would be a proper person to raise a child."

The trial court then stated that it had found the following reasons to hold that a change of conditions justifying the modification of custody existed:

"The fact that her [defendant's] high state of nervousness and confusion at the time of the divorce, the fact she was unrepresented, and the fact that she alleges that she did not leave but that she was run off. None of these things were ever litigated at the granting of the divorce. I also feel the fact of the age of

the child being just a mere two and a half years of age, being a child of tender years."

## I

The first matter for our consideration on appeal is defendant's contention that the trial court's order is not a final order and is therefore not appealable. We disagree. Any provision in a divorce decree regarding child custody and support is, in one sense, "temporary," in that any such provision is subject to modification during the child's minority. Likewise, any modification of the decree is, in the same sense, "temporary." The order entered by the trial court in this case modified the provisions of the divorce decree and has deprived plaintiff of the custody of his minor child. We find that it is an appealable order.

## II

Plaintiff's contentions on appeal may be distilled into one proposition; that defendant's evidence did not show the requisite substantial change of condition necessary to justify a modification of custody. We agree.

Both parties on appeal agree that the standard set forth in *Gibbons v. Gibbons,* Okl., 442 P.2d 482 (1968), should govern this case. That standard, stated in the court's syllabus 2, is:

"When, subsequent to the rendition of the final decree of divorce, it is sought to modify the last preceding order fixing the custody of a minor child of the parties to the divorce action, and there is no contention of the existence of any material facts which were either unknown or could not have been ascertained with reasonable diligence at the time of the making of the order sought to be modified, the applicant for such modification has the burden of proof of showing a permanent, material and substantial change in the circumstances or conditions of the parties, directly affecting the welfare of the child to a substantial or material extent, and of making it appear that, as a result of such change in conditions or

circumstances, the child would be substantially better off, with respect to his temporal welfare and his mental and moral welfare, if the requested change in custody were ordered by the court."

As stated, defendant alleged in her motion to modify that a substantial change of conditions had occurred involving plaintiff's ability to care for the minor child. In order to determine if that legal conclusion was supported by facts, it is necessary to closely scrutinize the record.

In the examination of defendant, the question was directly put by the court:

"THE COURT: Tell us why you think the conditions have changed now from the time you were granted the divorce."

"Q (By Mr. Riley) Maybe I can help a little bit. How has your life changed since August of 1981 when the divorce was granted."

"A I'm not nervous anymore. I've taken greater responsibility. I've been on my own. I did not ask for help from my parents or anyone, because I've asked for it before. I asked for it again and moved back in with my parents. I have a job now that I can work. I have time to take care of my child. I'm not in a nervous state anymore as when I was when I gave up my child in August."

"Q Did you have counsel or did you appear pro se in the divorce case, on your own?"

"A I did not go to the court when Christopher was granted to David. I went to my doctor and he said if I felt that Christopher was more suited with David, I should go ahead and let him take care of him now, and then when I was in a better state of non-nervousness that I could try to get him back."

In the present case the trial court found that the improvement in defendant's mental state constituted a change of condition. The case of *Pirrong v. Pirrong,* Okl., 552 P.2d 383 (1976), held that the showing of an improvement in the mental state of the party seeking modification is insufficient in itself to warrant a change in custody.

It also appears from the trial court's order that the fact that the child was "of tender years" was an important factor in the change of custody. This apparent reference to 30 O.S.1981 § 11, seems inappropriate here. The use of this statute to compel a postdecree change of custody was proscribed in *Gibbons v. Gibbons, supra.*

There was no evidence presented in this case to show that plaintiff was in any way unfit to retain custody of the minor child. The only attempts to do so involved a dispute over rentals and utility bills supposedly due defendant and defendant's father from plaintiff—matters totally unrelated to child custody, and some vague allegations by defendant that plaintiff could not hold a job and was providing the wrong kind of atmosphere for the child. Defendant subsequently failed to provide any testimonial or evidentiary support for the allegations that plaintiff was not providing a good home for the minor child.

### III

After reviewing the record we can reach no conclusion but that the trial court erred in changing custody. The case is a clear cut failure on defendant's part to show the requisite changes bearing directly upon the temporal, mental and moral welfare of the child since the divorce. The cases of *Gibbons, supra,* and *Pirrong, supra,* clearly decree that the changes testified to herein do not justify a change of custody.

The trial court's order modifying the custody provisions of the divorce decree in this case is therefore vacated.

BRIGHTMIRE, P.J., and DeMIER, J., concur.