**Alfred Leo ALONZO, Appellee,**

v.

**Roberta ALONZO, Appellant.**

**No. 85104.**

Court of Appeals of Oklahoma, Division No. 3.

April 23, 1996.

Betty Leigh Lawler, Loudenback & Lawler, Oklahoma City, for Appellant.

Edward Goldman, Oklahoma City, for Appellee.

## OPINION

BUETTNER, Judge:

The parties' decree of divorce was granted in March, 1988. The custody of their minor son was placed with Appellant Roberta Alonzo (Mother). February 10, 1992, Appellee Alfred L. Alonzo (Father) moved to modify custody. This motion was resolved through the court-approved agreement of the parties as reflected by a journal entry. The agreement allowed the child to continue in the custody of his mother and ordered that the child attend counseling for his behavioral problems.

Father again moved to modify custody in March, 1994. In this motion, Father alleged that the eight-year-old boy was experiencing physical, emotional and academic problems to

his detriment and that Mother was failing to acknowledge and deal with these problems. The child had a history of encopresis as well as episodic aggressiveness. After an evidentiary hearing, the trial court found that a substantial, material change of condition had arisen with regard to the child and sustained Father's motion to modify.

In her appeal to this court, Mother argues that Father failed to carry his burden of proving that there was a substantial, material and permanent change of condition which adversely affected the child and further, that the trial court failed to meet the *Gibbons* standard. In addition, Mother asserts that the trial court erred because there was no finding that she was unfit to retain custody. She also claims trial court error in the following respects: failing to grant her judgment for arrearages; overruling her demurrer to the evidence and overruling her request for findings of fact and conclusions of law.[1] We disagree with Mother's contentions and affirm the orders of the trial court.

■■■ As a rule, the trial court will not modify an order granting custody of a child "unless facts are disclosed which werê unknown, and could not have been reasonably ascertained when the final decree was entered; or unless there is a permanent material and substantial change in the circumstances which directly affect the child's mental, moral or temporal welfare." *Rice v. Rice,* 603 P.2d 1125, 1128 (Okla.1979). The paramount consideration of the trial court is the child's best interests and "where it does not appear the court has abused its discretion it will not be reversed on appeal." *Id.*

■■ We first address whether there was evidence upon which the trial court could base its conclusions. Mother testified that she did not take the child to any mental health specialist between the time of the court-approved agreement in September, 1993 until February, 1994, one month before Father filed this action. She did not believe that the child had encopresis but she took him to counseling for his anger. An expert

child psychologist with over 30 years experience testified that even if the child's encopresis was ameliorating as he matured, without intervention through counseling, the child would suffer long-range repercussions. The psychologist testified that the child would have a reputation as a pants-soiler so long as he was in school with the children who knew him when he soiled his pants. Mother and Father have both remarried. There was no evidence presented that either Mother or Father, or either of their households, was unfit.

■■ The evidence supports the trial court's determination. The permanent, material and substantial change of condition of the custodial parent was Mother's unwillingness to accept or treat her child's mental illness. Failure to do so directly affected the welfare of the child to a substantial or material extent. Consequently, the trial court found that the child would be substantially better off, with respect to his temporal welfare and his mental and moral welfare, if Father were to gain custody. *Gibbons v. Gibbons,* 442 P.2d 482 (Okla.1968). Our job on review is not to second guess the factfinder, but only to ascertain whether there was sufficient competent evidence introduced to support the trial court's decision when the correct law was applied. We find the trial court's order supported by the evidence and affirm the decision to modify custody.

■■ We disagree with Mother's statement that the court erred when it failed to find her unfit to retain custody. The parent seeking custody must show the court his fitness. *Pirrong v. Pirrong,* 552 P.2d 383, 386 (Okla.1976). An otherwise fit parent, however, may lose custody of her child if there has been a material change in circumstances which affects the child to a substantial extent and it is in the child's best interest to change custody. *Id.*

■■ Mother next argues that the trial court erred when it failed to sustain her demurrer to the evidence. In an equity action, "the trial court treats the demurrer as a

---

1. Mother's brief addresses her assertion that the trial court erred in its adjudication of the arrearages issues. After her brief was filed, however, Mother amended her petition and deleted that proposition of error.

motion for judgment and weighs all of the evidence presented." *Gay v. Hartford Underwriters Ins. Co.,* 904 P.2d 83, 87 (Okla. 1995). The "trial court's judgment will not be disturbed on appeal unless it is clearly against the weight of the evidence." *Henderson v. Gifford,* 318 P.2d 404, 405 (Okla.1957) (syllabus by the court.) We have reviewed the evidence in the record. The trial court's judgment in overruling the demurrer was not clearly against the weight of the evidence.

■ Finally, Mother states that the trial court erred as a matter of law in refusing to make findings of fact and conclusions of law. The record available to the Court reflects that Mother made her request for findings and conclusions after the order was entered, and therefore "cannot complain of its omissions." *Britton v. Absher,* 290 P.2d 769, 772 (Okla.1955); 12 O.S.1991 § 611. Section 611 is properly invoked before the trial court renders its judgment. *Davis v. School District No. D–14,* 625 P.2d 630, 632 (Okla.1981). Even if Mother made her request for findings of fact and conclusions of law before judgment was entered, if the record does not show that the request was timely made, the reviewing court will not consider the issue on appeal. *Sealy v. Pound,* 128 Okla. 54, 261 P. 161 (1927) (syllabus by the court).

For these reasons, we affirm the order of the trial court.

AFFIRMED.

ADAMS, V.C.J., concurs.

HANSEN, P.J., not participating.